# Kuehne, Appellant, *v.* Brown.

*Negligence—Automobiles—Child—Accident between crossings—Time to avert collision—Failure to sound horn—Negative and positive evidence—Speed—Case for jury—Contributory negligence of parent—Nonsuit as to parent.*

1. In an action to recover for the negligent operation of an automobile, the weight of negative evidence to the effect that no horn was blown is for the jury where there is no positive evidence that the driver sounded his horn.

2. In an action against the operator of an automobile to recover for personal injuries sustained by a child of tender years as the result of being struck at a point in the highway between crossings, the test of defendant's liability is whether, in the exercise of due care, he should have seen the child in time to have avoided the accident.

3. In an action by a five-year-old child to recover for personal injuries sustained as the result of the alleged negligent operation of defendant's automobile, the question whether defendant should have seen the child in time to avoid the collision is for the jury and a compulsory nonsuit was improperly entered where it appeared that plaintiff was standing with his father on a trolley platform between street crossings, at a point where the street was sixty feet wide with tracks on each side and a driveway in the middle wide enough for three vehicles abreast, that an automobile was standing on the far side of the street and one of the occupants thereof called to the plaintiff to cross, that when plaintiff had crossed from twelve to twenty feet from the platform he was struck by defendant's car, which sounded no warning, approached at a speed variously estimated at from ten to forty miles per hour, and that the brakes were not applied until the car was within five feet of the child, although he started to cross in full view of the defendant when the latter was from 75 to 100 feet away.

4. In such case a nonsuit was properly entered as to the father of the child who sued jointly with him, where it appeared that defendant's car was approaching approximately seventy-five feet away when he permitted the child to cross, notwithstanding his testimony that he looked in both directions and saw that nothing was approaching before he allowed the child to start over.

Argued Jan. 19, 1917. Appeal, No. 243, Jan. T., 1916, by plaintiffs, from judgment of C. P. No. 3, Philadelphia

Co., Sept. T., 1915, No. 914, entering compulsory non-suit in case of Paul Kuehne, Jr., by his Next Friend and Father, Paul Kuehne and Paul Kuehne, in his Own Right, v. George H. Brown. Before BROWN, C. J., MES-TREZAT, POTTER, STEWART and FRAZER, JJ. Reversed.

Trespass for personal injuries to five-year-old child. Before DAVIS, J.

The facts appear by the opinion of the Supreme Court.

On the trial the court entered a compulsory nonsuit as to both plaintiffs, which it subsequently refused to take off. Plaintiffs appealed.

*Error assigned*, among others, was in refusing to take off the nonsuit.

*W. Horace Hepburn, Jr.*, for appellant.—The question whether defendant was guilty of negligence was for the jury: Bloom v. Whelan, 56 Pa. Superior Ct. 277; Drenberg v. Mahoning & Shenango Ry. & Light Co., 55 Pa. Superior Ct. 218; Tate v. Philadelphia Rapid Transit Co., 244 Pa. 74; Tarhayi v. Allegheny Valley Street Ry. Co., 243 Pa. 351; Myers v. Pittsburgh Rys. Co., 242 Pa. 502; Buck v. McKeesport, 227 Pa. 10; Boggs v. Pittsburgh, McKeesport & Greensburg Ry. Co., 216 Pa. 314; Carlin v. William Butler Co., 220 Pa. 194; Kohler v. Penna. R. R. Co., 135 Pa. 346; Lorah v. Rinehart, 243 Pa. 231. The distance an automobile travels after it strikes a pedestrian is evidence of negligence and evidence of speed: Michalsky v. Putney, 51 Pa. Superior Ct. 163.

Appellee submitted no paper book.

OPINION BY MR. JUSTICE FRAZER, March 5, 1917:

This is an action by a father and his minor child to recover for injuries to the latter sustained by reason of

alleged negligence of defendant in operating his automobile. A nonsuit was entered by the court below as to both plaintiffs, and from this action they have appealed.

At the time of the accident, September 6, 1915, the plaintiff, Paul Kuehne, Jr., was five years of age. He and his father, the other plaintiff, were standing on the west side of Rising Sun Lane, near Comly street, in the City of Philadelphia, talking with friends.

This is a suburban section of the city, and Rising Sun Lane is about sixty feet in width, with trolley tracks on each side of the street, and a driveway for vehicles in the center; the driveway being of sufficient width to permit three vehicles to stand abreast. The street is without sidewalks, but at the place where plaintiffs were standing is a platform constructed of planks, and extending across the gutter to the car track. The father with his two children were standing on the platform referred to when one of the occupants of an automobile, occupied by the child's mother and others and standing on the opposite side of the street from the platform on which the boy and his father stood, called to the child, Paul, that there was room for him in the car. The boy immediately started to cross the street, and was about midway between the platform and the automobile when he was struck by defendant's car, coming south at a speed estimated by various witnesses at from eight or ten to forty miles an hour. There is no dispute, however, that the horn was not blown, or other warning given of its approach. Another car was standing on the same side of the street as the car in which Mrs. Kuehne was seated, one hundred feet down the road in the direction from which defendant's automobile approached, and, to pass this car, defendant was obliged to turn to the left side of the road. There were no obstructions in the street and nothing to prevent defendant from seeing the persons standing on the platform adjoining the railway tracks, or the boy on the street after leaving the platform. The distance from the platform to the point at which the

child was injured was estimated, by the witnesses, at from twelve to twenty feet. Witnesses also testified that when the child started to cross the street defendant's automobile was in the neighborhood of seventy-five or a hundred feet away, and that the brakes were not applied to the car until within about five feet from the child, and that following the collision the automobile skidded on the gravel road for a distance of more than thirty feet.

The court below concluded the evidence of negligence on the part of defendant was insufficient to submit to the jury, so far as the rights of the minor were concerned, for the reason that the accident did not happen at a street crossing; that the evidence of defendant's failure to give warning of his approach was negative only; and that there was nothing to impose upon him the duty of blowing his horn at the particular spot where the accident happened. In so far as the question of warning is concerned, while the evidence of failure to blow the horn was negative only, there was no positive evidence that defendant gave such warning, consequently, the weight of the negative evidence was for the jury: Longnecker v. Penna. R. R. Co., 105 Pa. 328; Haverstick v. Penna. R. R. Co., 171 Pa. 101. However, to the extent that the rights of the child are concerned, whether or not warning was given was not a vital matter, as there is no question of contributory negligence on his part, the sole question in his case being whether defendant, in the exercise of due care, should have seen the child in time to avoid the accident. The evidence shows defendant's view of the road, and of the child on the platform over the gutter and also in the street, was unobstructed, making the situation before him such as to impose upon him the use of due care to avoid injuring those who were rightfully using the highway, even though there was no crossing at this particular point. There is evidence from which the jury might have found that the child did not suddenly dart in front of the car at a time too late for defendant to avoid the accident, but on the contrary that there was ample

opportunity to stop his car had he been looking ahead. If approaching at an extreme rate of speed, as testified to by several witnesses, and as indicated by the skidding of the machine upon endeavoring to stop, it cannot be said, as matter of law, that defendant was performing his full duty toward those who were properly using the highway. Assuming the car was operated at the minimum rate of speed, testified to by other witnesses, no apparent excuse is shown for defendant not seeing the child in time to stop his car and prevent the accident, in view of the testimony as to the distance which he traveled from the time the child started to cross from the platform to the automobile, and the unobstructed condition of the street. Consequently, the question whether he had notice of the presence of the child in the road in time to appreciate the danger and avoid a collision, was one for the jury to determine, under proper instructions from the court: Tatarewicz v. United Traction Co., 220 Pa. 560; Bloom v. Whelan, 56 Pa. Superior Ct. 277.

In so far as the rights of the father are concerned the conflicting testimony as to the speed of the car, together with the distance required to come to a stop, was sufficient to submit to the jury on the question of defendant's negligence in operating the car. As to the contributory negligence of the father, his testimony was that before permitting the child to start across the street to the automobile in which his wife was seated he looked in both directions and saw no car approaching. Considering there was an unobstructed view of the street for three or four hundred yards, with the exception of the presence of another automobile, which was about one hundred feet distant, and in view of the testimony that defendant's car was approximately seventy-five feet away when the child was permitted to start across the street, it is useless for plaintiff to say he looked and did not see the automobile when it must have been in plain view at the time; hence his negligence in permitting a child of such tender years to cross the street alone, is too apparent to require

submission to the jury. To the extent, therefore, that the father is concerned, the nonsuit was proper: Glassey v. Hestonville, Mantua & Fairmount Pass. Ry. Co., 57 Pa. 172; Johnson et ux. v. Reading City Pass. Ry., 160 Pa. 647; Pollack v. Penna. R. R. Co. (No. 2), 210 Pa. 634.

The fourth assignment of error is sustained, the judgment is reversed, and the record remitted with a new venire.