## Schneider, Appellant, *v.* Sheldon.

Argued November 15, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Joseph Weiner,* with him *Freedman, Landy & Lorry,* for appellants.

*Thomas E. Comber, Jr.,* with him *Francis E. Shields* and *Pepper, Bodine, Frick, Sheetz & Hamilton,* for appellees.

OPINION BY MR. JUSTICE JONES, January 6, 1955:

The plaintiffs appeal from a judgment of compulsory nonsuit entered in a trespass action for injuries to the minor plaintiff which she suffered when struck by an automobile operated and controlled by the defendant, Carl Sheldon. The answer of the other defendant, Carlyle C. Sheldon, admitted his ownership of the automobile but averred that it was being operated at the time of the accident by Carl Sheldon on his own business and pleasure and not as agent, servant or employee of the owner. At the outset of the trial, the plaintiffs took a voluntary nonsuit as to Carlyle C. Sheldon and proceeded with the case against Carl.

The sole question involved is whether the evidence adduced in the plaintiffs' case warranted a finding by the jury that the minor's injuries resulted from negligence of the operator of the automobile. Contributory negligence did not figure in the court's action as the minor child was but four years old at the time of her injury. A recital of the facts, favorable to the plaintiffs, and the reasonable inferences to be deduced therefrom becomes necessary.

The accident occurred about 1:30 P.M. on a Sunday in October on Mount Vernon Street in Philadelphia in front of the residence where the minor, Joan Schneider, lived with her mother. The dwelling was just one house removed from the corner where Twenty-first Street intersects Mount Vernon at right angles. Mount Vernon Street runs east and west and serves only westbound traffic, that is, traffic moving from Twentieth Street to Twenty-first Street. The cartway of Mount Vernon Street is 20 feet wide and is bounded by a sidewalk on either side, the one on the south side being 20 feet wide and the one on the north side 15 feet wide. The block on Mount Vernon Street between

the west building line of Twentieth Street and the east building line of Twenty-first Street is approximately 490 feet in length and is straight. At the time of the accident two automobiles were parked along the north curb of Mount Vernon Street near the west end of the block, opposite Joan's home.

The plaintiffs' only witness was a fourteen-year old girl, Rose Marie White, who testified that, when she came home from church about 1:30 P.M., she saw Joan coming out of her house. Joan went down to the curb to pick up some loose beads lying there and Rose helped her. After Rose had picked up about a handful, she saw a friend coming down the street and, giving Joan the beads, left her at the curb. Joan walked across the street toward the north side. But, unable to pick up beads there because of the cars parked close to the north curb, she walked back across the street to the south curb and again bent down to pick up beads. She was straddling the curb with one foot up on the pavement and the other in the street. Joan was in this position when Rose turned her head away. In a "matter of seconds", Rose heard the screeching of automobile brakes and saw Joan land on the south sidewalk. No other traffic had passed in the meanwhile. And, it was stipulated of record at trial that there was a contact between the Sheldon automobile and Joan. With the introduction of official city maps showing the *locus in quo* and relevant measurements, the plaintiffs rested the question of liability. On motion of the defendant, the trial court entered a compulsory nonsuit which the court en banc later refused to take off.

The appellee states in his brief that "Plaintiffs' theory seems to be that defendant entered Mount Vernon Street at Twentieth Street and either saw or should have seen the minor-plaintiff in sufficient time to avoid

striking her, but that he nevertheless drove his car into the minor-plaintiff and injured her." He concedes that "if plaintiffs' evidence supported this theory, the case should have been submitted to the jury." But, he then submits that "this theory is based upon assumptions and speculation, not evidence." With that conclusion, we cannot agree. On the basis of the evidence, consisting of the testimony of the one witness and the maps showing locations and distances, the question of the defendant's causative negligence was a matter for the jury to resolve. The testimony, if believed, together with the undisputed physical facts, warranted a finding that the defendant saw or should have seen the minor plaintiff in sufficient time to avoid striking her but that he nevertheless drove on in such a manner as to strike and injure her. "Where an automobile driver sees a child in a place of danger, or has reason to apprehend that it might run into a place of danger, and has sufficient time to stop his car if under proper control, it is his duty to exercise such care as would be reasonably necessary to avoid a collision": *Silberstein v. Showell, Fryer & Co. (No. 1),* 267 Pa. 298, 306, 109 A. 701; quoted with approval in *Lucas v. Bushko,* 314 Pa. 310, 313, 171 A. 460. See also *Fedorovich v. Glenn,* 337 Pa. 60, 63, 9 A. 2d 358.

The primary factual issue is whether the evidence indicates that the child was in or along the highway for such a length of time before the accident occurred that the defendant, in the exercise of due care, should have seen her and avoided the accident: see *Derr v. Rich,* 331 Pa. 502, 505, 200 A. 599. Here the evidence indicates that the defendant, in approaching the point of accident, had had an unobstructed view of the highway for approximately five hundred feet. The nearest point to the east that he could have got on Mount Vernon Street with its one-way traffic was at Twentieth

Street. There was no other traffic within the block which was entirely unobstructed save for the two automobiles parked along the north curb near Twenty-first Street. Nor could the parked automobiles have obstructed the defendant's view of Joan's presence near the highway. The angle of vision past the left-hand or passing side of the parked cars extended, as a matter of physical fact, well beyond where Joan was seen by the plaintiffs' witness immediately before the accident on the south side of the street. Her presence must or should have been observed by the defendant. She had just crossed and recrossed the street before again straddling the south curb and bending over to pick up beads which, as the testimony indicates, was her position when struck and catapulted onto the south sidewalk. The testimony supports a finding that the defendant drove his automobile so close to the south curb as to convict him of carelessness.

The fact that there is no evidence as to the rate of speed at which the defendant was driving his automobile does not operate to relieve him of responsibility for the accident. If he was aware of the child's presence on or near the highway long enough to bring his automobile to a stop in time to avoid striking the child and failed to do so, as the evidence in the present state of the record indicates was the case, then he would be guilty of negligence regardless of the speed at which he was driving: cf. *Kuehne v. Brown,* 257 Pa. 37, 41, 101 A. 77.

The appellee suggests "the possibility that the minor-plaintiff darted out into the street from behind a parked car." There is no testimony presently in the case to support even an inference of such a circumstance. On the contrary, the testimony placed Joan on the side of the street across from the parked cars "seconds" before the accident. It may possibly

be that the child appeared to the defendant to have darted out. But, in the absence of testimony to such effect, it cannot be insinuated into the present record which, as in *Fedorovich v. Glenn,* supra, does not show this to be a "darting out" case.

We have said over and over again that a compulsory nonsuit can be entered only in a clear case when all of the facts and inferences lead unerringly to but one conclusion. This is not such a case.

Judgment reversed and a new trial awarded.

DISSENTING OPINION BY MR. JUSTICE BELL:

The uncontradicted testimony presented by plaintiffs was that the four year old child had crossed and recrossed Mount Vernon Street; that she was bending over and straddling the south curb to pick up some beads. At this point plaintiffs' witness, Rose White, turned her head away and talked to a friend. "In a matter of seconds" Rose heard the screeching of automobile brakes and saw Joan land on the south pavement.

The error of the majority opinion is in failing to realize that there was not a scintilla of evidence to show (1) *where the child was when she was struck,* i.e., straddling the curb, or in the street, and if so, where, or whether she was moving or darting at the time, and if so, how suddenly and in which direction; or (2) where defendant's automobile was when it struck the child. Anyone who has had anything to do with children knows that children of that age never stand still, as the majority assumes she stood still in this case.

The law is well settled that plaintiff has the burden of proving by a fair preponderance of the evidence

that defendant was negligent; and that neither a jury nor a Court is permitted to infer negligence from guess or conjecture or even from the happening of an accident. ". . . The mere happening of an accident is no evidence of negligence and is not sufficient to take a case to the jury. Furthermore, the mere fact that an automobile comes in contact with a pedestrian . . . raises no presumption of negligence . . .: Flanigan v. McLean, 267 Pa. 553, 556, 557, 110 A. 370; Gilles v. Leas, 282 Pa. 318, 321, 127 A. 774; Stanalonis v. Branch Motor Exp. Co., 358 Pa. 426, 429, 57 A. 2d 866; Stauffer v. Rwy. Exp. Agency, 355 Pa. 24, 25, 29, 47 A. 2d 817; Houston v. Republican Athletic Association, 343 Pa. 218, 220, 22 A. 2d 715.": *Thompson v. Gorman,* 366 Pa. 242, 246, 77 A. 2d 413.

In *Finnin v. Neubert,* 378 Pa. 40, 105 A. 2d 77, we sustained a nonsuit where defendant was driving an automobile in daylight with an unobstructed view on a 25 foot wide street and struck an eleven year old boy on the left hand side of the street with such force that his body flew up in front of the car which was traveling at such speed that it was not stopped until 30 to 50 feet past the accident.

In *Ebersole v. Beistline,* 368 Pa. 12, 82 A. 2d 11, the defendant with an unobstructed view drove his automobile at 35 miles per hour in daylight on a city street, ran into the rear of a bicycle and killed the nine year old boy who was riding it. This Court sustained a directed verdict for defendant because the evidence was insufficient to describe, picture or visualize what *actually* happened and the circumstances were not sufficient to enable a jury to reasonably and legitimately infer that the defendant was guilty of negligence.

The instant case is also ruled in principle by *Duda v. Carothers,* 379 Pa. 248, 108 A. 2d 791.

The following underlined statement upon which the majority bases its opinion is *unsupported* by the evidence, namely: "She had just crossed and recrossed the street before again straddling the south curb and bending over to pick up beads *which, as the testimony indicates, was her position when struck* and catapulted onto the south sidewalk. The testimony supports a finding that the *defendant drove his automobile so close to the south curb*\* as to convict him of carelessness."

There was, we repeat, not a scintilla of evidence where the child was when struck, and not a scintilla of evidence that defendant drove his automobile so close to the south curb (or to any other curb) as to convict him of carelessness—indeed, if the majority's unjustifiable assumption of facts is correct, defendant was not guilty of carelessness, he was guilty of wanton criminal negligence.

For these reasons I would affirm the judgment of compulsory nonsuit entered by the Court below.

Mr. Justice Allen M. Stearne joins in this dissenting opinion.

---

\* Italics ours.