## Gatens, Appellant, v. Vrabel.

Argued April 30, 1958.  Before JONES, C. J., MUS-
MANNO, ARNOLD, JONES and COHEN, JJ.

reargument refused June 24, 1958.

*Frank D. Llewellyn,* for appellant.

*Joseph H. Foster,* with him *Martin H. Philip,* for
appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, May
26, 1958 :
This appeal challenges the propriety of the entry of
a compulsory nonsuit in this trespass action.
The facts surrounding the accident which gave rise
to this litigation are set forth in the opinion of the

lower court: "The accident occurred on April 28, 1956, at about 10:15 P.M. (DST), approximately 135 feet eastwardly of the intersection of Poplar Street with West Ludlow Street, in the Borough of Summit Hill, Carbon County, Pennsylvania.

"The plaintiff testified that he went to Peltz's Bar about 9:45 P.M. to see a television show and left at about 10:10 P.M. He left the Peltz Bar with the intention of going home and crossed from the north side to the south side of West Ludlow Street in front of the Peltz Bar and started through an empty lot located on the south side of West Ludlow Street. He then turned around and walked to the south side of West Ludlow Street, and took up a position four or five feet to the east or in front of the Nahn car which was parked in front of the Nahn home. The Nahn car was parked directly across the street from their home, being two and one-half to three feet off the concrete portion of West Ludlow Street. The plaintiff was standing in front of the Nahn car, and on the south side of it or the side next to the vacant lot. The plaintiff looked to the east and west and saw no cars coming. He then walked north in front of the parked car and looked to his right or east and again saw nothing coming. The plaintiff then turned to look to his left or west and was struck. At one point in his testimony, the plaintiff testified that he was on the dirt shoulder when he was struck, but, when confronted with prior inconsistent statement, he admitted that, at the instant of collision, he had one foot on the concrete portion of West Ludlow Street. The defendant's car was coming from the plaintiff's left, or from west to east. Mrs. Nahn testified that it was threatening rain but not raining, and Officer McArdle stated that it had been raining off and on for about an hour before the accident, and that, at the time the accident was reported

to him, there was a slight drizzle coming down. Mrs. Nahn testified that she did not know the exact point where the defendant's car struck the plaintiff as she only noticed the plaintiff when he was some place in midair. She also testified that when she saw the plaintiff in the air, the defendant's car was on its own side of the road and directly opposite the Nahn car."

In passing upon the propriety of the lower court's action we consider the evidence, and all reasonable inferences therefrom, in the light most favorable to appellant: *Lopez v. Gukenback,* 391 Pa. 359, 361, 137 A. 2d 771; *Daniels v. Bethlehem Mines Corp.,* 391 Pa. 195, 197, 137 A. 2d 304; *Auel v. White,* 389 Pa. 208, 210, 132 A. 2d 350; *Kallman v. Triangle Hotel Co. of Pennsylvania et al.,* 357 Pa. 39, 42, 52 A. 2d 900.

In analyzing the factual situation involved in this appeal we bear in mind certain well-established and pertinent legal principles: (1) the mere happening of this accident and the contact between appellee's motor vehicle and the body of appellant did not constitute proof of negligence (*Schofield v. King,* 388 Pa. 132, 135, 130 A. 2d 93; *McAvoy v. Kromer et al.,* 277 Pa. 196, 197, 198, 120 A. 762; *Flanigan v. McLean,* 267 Pa. 553, 556, 110 A. 370); (2) in an accident between a motor vehicle and a pedestrian which occurs between intersections "the pedestrian must have been on the cartway a sufficient length of time to be seen, the driver of the car being far enough away to bring his machine under control" (*Schneider v. Sheldon,* 380 Pa. 360, 363, 110 A. 2d 226; *Finnin v. Neubert,* 378 Pa. 40, 45, 105 A. 2d 77; *Ebersole v. Beistline,* 368 Pa. 12, 17, 18, 82 A. 2d 11; *McAvoy v. Kromer et al.,* supra, 199); (3) a pedestrian, such as appellant, who crosses a street between intersections is held to a higher degree of care than at street intersections, while the driver of a motor vehicle, such as appellee, is held to a cor-

respondingly lesser degree of care (*Harris v. DeFelice,* 379 Pa. 469, 475, 109 A. 2d 174; *Rucheski v. Wisswesser et al.,* 355 Pa. 400, 401, 402, 50 A. 2d 291; *Schweitzer et al. v. Scranton Bus Co.,* 344 Pa. 249, 250, 25 A. 2d 156; *Purdy et al. v. Hazeltine,* 321 Pa. 459, 461, 184 A. 660) ; (4) a pedestrian, particularly one crossing between intersections, must not only look but continue to look as he crosses the street, otherwise he will be chargeable with negligence (*Aaron v. Strausser,* 360 Pa. 82, 86, 59 A. 2d 910; *Goldberg v. Kelly,* 340 Pa. 430, 432, 17 A. 2d 390).

Evaluated in the light of these principles it is evident that appellant's proof not only falls far short of establishing negligence on the part of appellee but also proves negligence on his own part. An examination of the testimony indicates that appellant simply proved that he was struck by appellee's motor vehicle while stepping onto the cartway from the berm of the road, that he was thrown into the air and that appellee's motor vehicle came to stop approximately 45 feet from the place of impact. The record lacks any evidence of excessive speed on appellee's part, that appellant was on the cartway for a sufficient length of time to have been seen by appellee in the exercise of due care or that appellee was at such a distance from appellant when he first was apprised of appellant's presence on the cartway so as to enable him to bring his motor vehicle under control. Appellant's own witness, Mrs. Nahn, places appellee's motor vehicle at the instant of impact "on its own side of the road" and the uncontradicted testimony indicates that appellant was struck immediately after emerging from behind a parked motor vehicle located on the right-hand side of the highway in the direction in which appellee was proceeding. It is clear that appellant stepped onto the cartway from behind a parked car directly into the path

.of appellee's motor vehicle. Under such circumstances appellant has completely failed to establish any act of negligence upon appellee's part and, on this ground alone, the refusal of the court below to lift the nonsuit should be sustained.

On the question of contributory negligence, appellant testified that as he approached the cartway and came to the parked automobile, he then, while on the berm, looked both to the east and to the west, and saw nothing approaching; appellant then crossed in front of the parked automobile and as he came to the edge of the cartway looked first to the west then to the east and while stepping on the cartway and looking in a westerly direction was struck by appellee's motor vehicle. Appellant testified that he did not see appellee's motor vehicle until instantly before the moment of impact. His failure to observe appellee's motor vehicle not only is unexplained but inexplicable. Under the record it is vain for the appellant to say that he looked and failed to observe appellee's motor vehicle because in fact, under his own testimony, had appellant looked he could not have failed to observe the presence of appellee's motor vehicle proceeding in an easterly direction. The law is clear that when a plaintiff steps into the cartway and is struck—immediately— by a vehicle which he could have seen had he been looking, he is barred from recovery by his own negligence: *Rafferty v. DiJohn*, 9 Pa. D. & C. 2d 415, aff'd Per Curiam, 390 Pa. 123, 135 A. 2d 375; *Schweitzer et al. v. Scranton Bus Co.*, supra; *Dando v. Brobst et al.*, 318 Pa. 325, 328, 177 A. 831.

The lower court's entry of a compulsory nonsuit was eminently proper under the circumstances. Judgment affirmed.