Flagiello, Appellant, *v.* Crilly.

Argued November 21, 1962. Before BELL, C. J., MUSMANNO, COHEN, EAGEN and O'BRIEN, JJ.

*Martin J. Cunningham, Jr.,* with him *Cunneen & Cunningham,* for appellants.

*Robert W. Beatty,* with him *Ernest L. Green, Jr.,* and *Butler, Beatty, Greer and Johnson,* for appellees.

OPINION BY MR. CHIEF JUSTICE BELL, January 8, 1963:

Plaintiffs appeal from a judgment of nonsuit. It is hornbook law that a judgment of nonsuit can be entered only in clear cases and plaintiff must be given the benefit of all evidence favorable to him, together with all reasonable inferences of fact arising therefrom, and any conflict in the evidence must be resolved in his favor: *Castelli v. Pittsburgh Railways Company,* 402 Pa. 135, 165 A. 2d 632; *Stimac v. Barkey,* 405 Pa. 253, 174 A. 2d 868; *Borzik v. Miller,* 399 Pa. 293, 159 A. 2d 741.

The law is likewise clear that the plaintiff has the burden of proving by a fair preponderance of the evidence that defendant was negligent and that his negligence was the proximate cause of the accident: *Stimac v. Barkey,* 405 Pa., supra; *Schofield v. King,* 388 Pa. 132, 130 A. 2d 93.

The mere happening of an accident or the mere fact that a moving vehicle collides with a pedestrian or with another vehicle does not establish negligence nor raise an inference or a presumption of negligence nor make out a prima facie case of negligence: *Bohner v. Eastern Express, Inc.,* 405 Pa. 463, 175 A. 2d 864; *Stimac v. Barkey,* 405 Pa., supra; *Gatens v. Vrabel,* 393 Pa. 155, 142 A. 2d 287; *Schofield v. King,* 388 Pa., supra; *Ebersole v. Beistline,* 368 Pa. 12, 82 A. 2d 11; *Hulmes v. Keel,* 335 Pa. 117, 6 A. 2d 64; *Niziolek v. Wilkes-Barre Railway Corp.,* 322 Pa. 29, 185 A. 581.

It is also well settled that the doctrine of res ipsa loquitur does not apply and a jury is not permitted to find a verdict based on surmise or guess: *Schofield v. King*, 388 Pa., supra; *Smith v. Bell Telephone Co.*, 397 Pa. 134, 153 A. 2d 477.

In *Smith v. Bell Telephone Co.*, 397 Pa., supra, the Court said (pages 138, 139): "We have said many times that the jury may not be permitted to reach its verdict merely on the basis of speculation or conjecture, but that there must be evidence upon which logically its conclusion may be based. Schofield v. King, 388 Pa. 132, 136, 130 A. 2d 93 (1957); Connor v. Hawk, 387 Pa. 480, 482, 128 A. 2d 566 (1957); Ebersole v. Beistline, 368 Pa. 12, 16, 82 A. 2d 11 (1951).

". . . when a party who has the burden of proof relies upon circumstantial evidence and inferences reasonably deducible therefrom, such evidence, in order to prevail, must be adequate to establish the conclusion sought and must so preponderate in favor of that conclusion as to outweigh in the mind of the fact-finder any other evidence and reasonable inferences therefrom which are inconsistent therewith."

Applying these authorities to the instant case and considering the evidence, together with all reasonable inferences therefrom in the light most favorable to plaintiffs, the facts may be thus summarized:

The Flagiellos reside at 823 Cypress Avenue, Yeadon, Pa. Behind the houses on the east side of Cypress Avenue is a driveway or alley* which runs parallel to Cypress Avenue and is approximately 10 feet 10 inches wide. From the alley there is an entrance or driveway to a garage situate on each property abutting the alley. Between these entrances or driveways there are stone walls approximately 3½ feet high.

---

* Sometimes referred to by a witness as a driveway, other times called an alley.

On May 16, 1959, on a clear dry day, between 1:30 and 2:30 p.m., appellee Joan Catherine Crilly was driving her father's Chevrolet in a southerly direction in the alley. There were no eyewitnesses to the accident. The mother of Ronald Flagiello, who was 7 years of age, was washing clothes in the laundry of her home. When she turned from her wash and looked toward the alley, she testified that "all I could see was Ronald, going up in the air". She heard him screaming, went out and found him lying flat on the ground in the alleyway. Ronald's father was working on the front porch of the house and when he heard his child scream, he rushed to the rear of the house and found Ronald lying in the alleyway and the Crilly automobile stopped 8 feet away.

There was no evidence (1) as to the speed of the Crilly car prior to or at the time of the accident; (2) as to where Ronald was or came from just prior to the accident; (3) as to whether, and if so, for how long before the accident Ronald was visible to a careful driver; or (4) as to the distance Joan Crilly had in which to stop in order to avoid hitting Ronald after Ronald's danger became apparent.

Under these facts and circumstances it is clear that plaintiffs completely failed to prove that defendant was negligent, and any conclusion of negligence would be nothing but a guess.

Judgment of nonsuit affirmed.