## McNett, Appellant, *v.* Briggs.

Argued September 16, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

324

*Harold B. Fink, Jr.,* for appellant.

*George Linton,* for appellee.

OPINION BY JACOBS, J., November 13, 1970:

In this case plaintiff appeals from the refusal of the court below to remove a compulsory nonsuit entered for defendant who was the driver of an automobile which struck and killed plaintiff's decedent. The lower court held that the plaintiff had not proved any negligence on the part of the defendant and that decedent was contributorily negligent as a matter of law. We reverse.

On appeal from the grant of a compulsory nonsuit we consider the evidence, and all the reasonable inferences therefrom, in the light most favorable to plaintiff. *Gatens v. Vrabel,* 393 Pa. 155, 142 A. 2d 287 (1958). Thus viewed, the facts were as follows: This unfortunate accident occurred on January 16, 1969, at about 11:00 p.m. At that time defendant was operating his automobile, a Volkswagen, in an easterly direction on a straight stretch of East Avenue, a 30-foot wide highway, in the Borough of Wellsboro. At a point midway between intersecting streets he struck plaintiff's decedent. Defendant's automobile was at all times in his proper lane and was brought to a stop

within 78 feet after impact while still in that lane. The weather was clear and the road surface dry. Decedent was struck in defendant's lane about one step from the center line. The sole eyewitness to the accident testified that he observed defendant's automobile approaching while it was 40 yards away; defendant had his lights on; decedent was thrown 15 feet into the air when struck, and continued in the air until his body came to rest behind defendant's automobile; the only time the witness saw decedent was when he was 4 feet in front of defendant's automobile; the speed limit in the area was 35 m.p.h.; he could not tell if decedent was in motion or standing still at the time he saw him; and, there were no skid marks. He further testified that there were black marks on the highway at the place where decedent was hit. He described the marks as follows: "Just elongated marks approximately six inches in length, one in front of the other. As if walking across the road." He then drew a diagram of the marks showing them as extending in a north-south direction south of the center line, one mark being south of the other. There was very little light at the place of collision. One witness said the decedent wore dark clothing; another witness said he wore clothes that "weren't very visible at night." The decedent's body came to rest 63 feet east of the point of impact and 10 to 15 feet to the rear of defendant's automobile, which had a dent in the hood and a cracked windshield. Decedent had a broken leg, contusions and laceration of the head, and brain damage. He died within 24 hours after the accident.

The plaintiff has the burden of proving that the defendant was negligent. *Flagiello v. Crilly*, 409 Pa. 389, 187 A. 2d 289 (1963). Negligence is not established nor is an inference of negligence raised by the mere happening of an accident. *Id.* at 390, 187 A. 2d at 290.

There was nothing in the record which would indicate that unusual precautions were required on the part of the driver and, since the accident occurred between intersections, the driver was not bound to have his automobile under instant control to avoid pedestrians. *O'Farrell v. Milgram,* 353 Pa. 468, 46 A. 2d 165 (1946). Where a pedestrian is struck between intersections, the pedestrian must have been on the highway long enough to have been seen by a careful driver in time to avoid hitting him in order to hold the driver liable. *Zalec v. Heckel,* 340 Pa. 116, 16 A. 2d 382 (1940); *Gatens v. Vrabel,* supra at 158, 142 A. 2d at 288. The presumption of due care to which decedent is entitled does not constitute any proof of the defendant's negligence and has no significance until plaintiff has made out a prima facie case of defendant's negligence. *Duda v. Carothers,* 379 Pa. 248, 108 A. 2d 791 (1954). A compulsory nonsuit can be entered only in a clear case when the facts and inferences lead unerringly to but one conclusion. *Schneider v. Sheldon,* 380 Pa. 360, 110 A. 2d 226 (1955).

In his argument plaintiff asserts that the injuries were caused by defendant's negligence in exceeding the speed limit and in failing to observe decedent on the highway.

To establish his case the plaintiff must rely on circumstantial evidence and inferences reasonably deducible therefrom which ". . . must be adequate to establish the conclusion sought and must so preponderate in favor of that conclusion as to outweigh in the mind of the fact-finder any other evidence and reasonable inferences therefrom which are inconsistent therewith." *Smith v. Bell Tel. Co. of Pa.,* 397 Pa. 134, 139, 153 A. 2d 477, 480 (1959). In determining whether a case is to be submitted to the jury, the judge cannot choose between two reasonable inferences. The facts are for

the jury where a reasonable conclusion can be reached which would place liability on the defendant. The jury may decide that such evidence does not preponderate in favor of liability; but such decision is for the jury, not the judge. *Id.* at 138, 153 A. 2d at 480.

What evidence is there as to the speed of the vehicle? The witness who saw the collision gave no opinion; however, his testimony gives mute evidence of speed. He said that the body when hit flew 15 feet into the air and never caught on the car. The police officer at the scene testified that the body was lying in the roadway 63 feet east of the point of impact. Such testimony supports a factual finding that this adult man was struck with such force that he was thrown 63 feet through the air in the same direction the automobile was traveling. This finding would support a reasonable inference that the defendant was traveling at an excessive rate of speed. The court below concluded that the only inference that could be drawn was that defendant was going at a reasonable rate of speed because he stopped within 78 feet from the point of impact. The lower court reasoned that its conclusion was bolstered by the damage to defendant's car and the supposition that decedent was carried part of the distance on the car. We have been unable to find any evidence in the record to support the court's conclusion that decedent was carried on the Volkswagen and we must consider the evidence in the light most favorable to plaintiff, which was that the body never caught on the car. The fact that the car stopped within 78 feet may raise an inference of reasonable speed, but there are several variables which must be considered: When did the defendant begin to brake his car? and what, if any, slowing effect did striking decedent have? Even if it be concluded that the stopping distance raises a reasonable inference of proper speed, the

judge could not choose between inferences but had to let the question of speed go to the jury with proper instructions as to proximate cause, which under the disputed factual situation of this case would be for the jury's determination. See Restatement 2d, Torts, §434(2) and *Cummings v. Nazareth Borough,* 427 Pa. 14, 233 A. 2d 874 (1967).

Since the decedent was hit one step over the center line on a 30-foot wide highway, it is a reasonable inference that he was on the highway at the very least for the time it took him to travel 12 feet on foot. This fact, together with the evidence of the scuff marks and the straight stretch of street, would be adequate to convince the jury that decedent was on the highway long enough to have been seen and avoided by a careful driver. If he was there that long, defendant's excessive speed, if any, would be the proximate cause of the accident; otherwise, it would not.

Was the decedent contributorily negligent as a matter of law? A deceased victim of an accident is presumed to have exercised due care for his own safety. *Atkinson v. Coskey,* 354 Pa. 297, 47 A. 2d 156 (1946). The presumption implies that a pedestrian crossing between intersections looks before starting across, and continues to look as he proceeds across. That is the duty imposed upon him. See *Shuman v. Nolfi,* 399 Pa. 211, 159 A. 2d 716 (1960). The presumption of due care may be rebutted in the plaintiff's own case or in the defendant's case. Here the defendant offered no evidence and we need consider only the plaintiff's case. Under such circumstances a plaintiff may not be held contributorily negligent as a matter of law unless the only reasonable inference of the evidence in plaintiff's own case shows want of due care. *Lear v. Shirk's Motor Express Corp.,* 397 Pa. 144, 152 A. 2d 883 (1959); *Olson v. Swain,* 163 Pa. Superior Ct. 101, 60 A. 2d 548

(1948). See, also, *Scholl v. Phila. Sub. Transp. Co.,* 356 Pa. 217, 224, 51 A. 2d 732, 736 (1947), where it is said, "To take away summarily, on the ground of contributory negligence, a plaintiff's right to go to the jury on that question, upon the presumption of his decedent's care, requires evidence so clear, direct and positive as to preclude any difference in the minds of fair and reasonable men with regard to the decedent's negligence." In the plaintiff's case there is no evidence to rebut the presumption that decedent looked and continued to look and did not assume a known risk. No witness saw him until he was at a point 4 feet in front of defendant's automobile. Certainly that evidence does not point unerringly to lack of care.

Judgment reversed and a new trial granted.

WRIGHT, P. J., would affirm on the opinion of President Judge WEBB.