## Lemp, Admx. v. Goessling

*Leonard J. Paletta,* for plaintiff.
*James A. McGregor, Jr.,* for defendant.

DOYLE, J., November 19, 1973.—This matter, consequent of the trial of a wrongful death and survival action, is before the court en banc on plaintiff's motion to remove a compulsory nonsuit.

Considering the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to plaintiff, Gatens v. Vrabel, 393 Pa. 155 (1958); Moore v. Zimmerman, 221 Pa. Superior Ct. 359 (1972); we find that the evidence introduced at trial would support the findings hereinafter set forth.

On February 16, 1971, at 7:15 p.m., defendant was operating a motor vehicle (car) in a southerly direction in the southbound lanes of Route 8 (the highway) near Ranalli Drive, Richland Township, Allegheny County, Pa. The highway is a hard-surfaced, four-lane (40 feet in width) public road lying in a north-south line. At all times material herein vehicular traffic was sparse. Defendant was operating a car, with its headlights on low beam and could see the highway ahead within the range of her headlights. The highway surface was clear and dry.

Shortly after 7:15 p.m. Fred Turnblacer, standing inside an office building near the highway, heard a loud thump and later observed a human body lying in the southbound kerb lane of the highway. Turnblacer telephoned local police who arrived shortly thereafter, investigated the matter, and discovered the body of Norwood Kelly (deceased) five feet from the southbound kerb of the highway. In the southbound highway lane, 10 feet, 6 inches from the southbound kerb and 71 feet north of decedent's body, the police discovered a paper bag containing broken beer bottles, pieces of glass and metal, and a piece of an automobile headlight rim. These discoveries prompted the police to broadcast an "All car lookout" for a 1968 Cadillac automobile.

Later that evening, after a general description of the car had been broadcast by local television media, defendant's husband telephoned the police and subsequently delivered to them his 1968 Cadillac car. A "criminalist" testified to microscopic and gross physical comparisons of the discovered debris and defendant's husband's car. Defendant's deposition testimony, read into the record at trial, contains an admission by defendant that at about 7:15 p.m. on the evening of February 16, 1971, she was operating her husband's 1968 Cadillac car in the highway lane in which deceased's body was found.

## DISCUSSION

*Assuming* that the car operated by defendant struck and killed deceased, plaintiff must still prove that defendant was operating that car negligently. The mere happening of an accident does not raise a presumption or permit an inference of negligence; nor does it, without more, make out a prima facie case of negligence against a defendant: Laubach v. Haigh, 433 Pa. 487 (1969); McNett v. Briggs, 217 Pa. Superior Ct. 322 (1970).

No eyewitness testified as to the manner in which *any* car, much less the Goessling car, was operated. No witness testified as to the movements of decedent immediately prior to the alleged collision. Plaintiff was precluded from calling as a witness a bartender who was working at a cafe near the accident scene, since the bartender was not listed in plaintiff's pretrial statement as required by Pennsylvania Rule of Civil Procedure 212 VI (E). Plaintiff did not call defendant as a witness for direct or "as for" cross-examination, although defendant was seated in the courtroom throughout the trial.

Plaintiff concedes that due to the lack of witnesses to the accident and because of defendant's deposition testimony, in which she claims never to have seen deceased whom plaintiff alleges she struck with her automobile, defendant's liability, if any, rests solely upon circumstantial evidence and permissible inferences therefrom. A jury could conclude from a series of inferences that defendant struck and killed decedent, but that does not permit us or a jury to infer that defendant was negligent. Circumstantial evidence sufficient to permit an inference of negligence must describe what actually happened with such clarity that a factfinder may reasonably conclude that defendant was *negligent* and that defendant's negligence was the *legal cause* of the harm alleged by plaintiff: Lear v. Shirk's Motor Express Corp., 397 Pa. 144 (1959).

The salient "proof" offered in plaintiff's liability case consisted of the following:

1. Decedent was struck by the Goessling car (an *inference*) as it was being operated by defendant.

2. Decedent was struck while he was present in the southbound kerb lane of the highway (an *inference*).

3. Physical evidence found near decedent's body, and a subsequent inspection of defendant's husband's car, were the only bases for *inferring* that decedent was thrown onto the windshield of the car and propelled 71 feet forward (an *inference*) from the supposed point of impact (*inferred*).

4. Defendant could see the roadway ahead within the range of the headlights of her car but did not observe decedent.

Defendant characterizes the adduced circumstantial evidence as insufficient to "outweigh" an inference that defendant was *not* negligent. Plaintiff contends that the circumstantial evidence was sufficient to

shift to defendant the burden of introducing exculpatory evidence. No defendant is required, in plaintiff's case, to prove a negative, viz: that he was *not* negligent; nor is any inference to be drawn that defendant was *not* negligent. *Plaintiff* is required to produce a preponderance of evidence from which reasonable men may conclude that it is more likely that defendant was negligent than that defendant was not negligent: Flagiello v. Crilly, 409 Pa. 389 (1963). Where the conclusion that a defendant was negligent is a matter of mere speculation or conjecture, or where the probabilities are at best evenly balanced between negligence and its absence, a court must hold that plaintiff has not sustained his burden of proof: Prosser, The Law of Torts (4th ed. 1971), §39.

Plaintiff's theory of liability and proof at trial rested on a pyramid of inferences: (1) decedent was struck by the Goessling car operated by defendant; (2) the distance between the debris found on the highway and decedent's body (71 feet) is the same distance that decedent was thrown as a result of the impact; (3) if decedent was thrown 71 feet, it may be inferred that the Goessling car was travelling too fast for conditions; (4) ergo, defendant was operating her car in a negligent manner.

Pennsylvania courts allow one inference to be founded upon a second inference *provided that* evidence of demonstrated qualifying facts is introduced to support the first inference. An inference is a process of reasoning by which a fact sought to be established is deduced as a logical consequence *from other facts* already proved. An inference may not be based on another inference where the other inference is not based on proved facts; any more than a presumption may be based on another presumption: Fox v. Davey Compressor Co., 318 Pa. 331 (1935). See also Jackson

v. U.S. Pipe Line Co., 325 Pa. 436 (1937); Neely v. Provident Life and Accident Insurance Co., 322 Pa. 417 (1936); Commonwealth v. Bolger, 182 Pa. Superior Ct. 309 (1956); Del Gaizo Distributing Corp. v. Gallagher, 127 Pa. Superior Ct. 53 (1937); Madden v. Great A. & P. Tea Co., 106 Pa. Superior Ct. 474 (1932). See also Laub, Pennsylvania Trial Guide, §110 (1959).

Plaintiff relies heavily on McNett v. Briggs, 217 Pa. Superior Ct. 322 (1970). However, in McNett an eyewitness testified to the actual circumstances of the accident, including the manner in which the offending car was being operated, the position of plaintiff pedestrian prior to impact, and the manner in which the impact caused plaintiff pedestrian to be thrown forward in the roadway. We have no such testimony in the instant case and are thus deprived of an eyewitness account of what, in fact, transpired. Plaintiff asks the court to indulge in a four-link chain of inferences upon inferences and to place upon defendant the burden of proving her nonnegligence. While a series of well-knit logically sound inferences may be a basis for a finding of negligence, some *facts* must appear in the testimony. Inspection of animal tracks discovered on snow may permit an inference that the tracks were made by an animal; but that alone will not permit an inference that the animal was a deer *and* that the deer's skin was green.

The paucity of established underlying facts offered in support of plaintiff's legal position forced the granting of defendant's motion for compulsory nonsuit.* Based upon our review of the circumstantial proof presented at trial, we conclude that the trial court cor-

---

* The presumption that decedent was exercising due care for his own safety is not proof of or evidence of defendant's negligence: Lear, supra; Duda v. Carothers, 379 Pa. 248 (1954).

rectly concluded that the evidence was insufficient to establish a prima facie case of defendant's negligence. Accordingly, plaintiff's motion to remove the compulsory nonsuit must be denied.

An appropriate order will be entered.

## ORDER

And now, November 19, 1973, after consideration of the testimony, the arguments of counsel and their briefs, plaintiff's motion to remove the compulsory nonsuit is denied. The prothonotary is hereby ordered to enter judgment for defendant upon payment of the verdict fee.