Berry, Appellant, *v*. Lintner.

Argued November 13, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

*Joseph M. George,* for appellant.

*B. Frederick Becker,* with him *Fred C. Adams,* and *Coldren & Adams,* for appellee.

OPINION BY JACOBS, J., April 3, 1974:

In this case, plaintiff appeals from the refusal of the court below to remove a compulsory nonsuit entered for defendant who was the driver of an automobile which struck and killed plaintiff's decedent. The lower court held that the plaintiff had not proved any negligence on the part of the defendant.[1] We disagree, and, therefore, reverse.

"On appeal from the grant of a compulsory nonsuit we consider the evidence, and all the reasonable inferences therefrom, in the light most favorable to plaintiff." *McNett v. Briggs,* 217 Pa. Superior Ct. 322, 324, 272 A.2d 202, 204 (1970). Applying this rule, the facts in the present case are as follows: On April 10, 1970, at approximately 9:45 p.m., plaintiff's decedent was struck and killed by an automobile driven by defendant, in a southerly direction, on route 51 near Perryopolis, Pennsylvania. The impact occurred approximately in the center of the outside western lane of the 48-foot wide 4-lane highway. Before the accident occurred, plaintiff's decedent had brought his truck, which was also heading in a southerly direction on route 51, to a stop on the western berm of the road because he was experiencing problems with one of the tires. He

---

[1] This opinion will not discuss the issue of contributory negligence because it was not used as a reason by the court below for granting the nonsuit.

descended from the truck with a lighted flashlight, crossed part of the highway, turned around, and was walking back toward the truck, carrying a brown rock, when he was hit by defendant's automobile. Defendant's automobile was in the proper lane and its lights were on, but the defendant failed to see plaintiff's decedent until a moment before the impact. The impact knocked the body of plaintiff's decedent a distance of 95 feet. One of his shoes was found 125 feet from the point of impact and the flashlight was found 50 feet from the point of impact still lighted. Defendant brought his automobile to a stop 420 feet from the point of impact, but there was no evidence that any attempt had been made to stop the vehicle before the impact. The area where the accident occurred was a stretch of road on which the speed limit was 60 m.p.h., and there had been no oncoming cars for the last half mile before the accident.

The plaintiff has the burden of proving that the defendant was negligent, and the mere showing of an accident does not establish negligence. *McNett v. Briggs,* supra. Since the accident did not occur at an intersection, but on a highway, the defendant was not required to have his automobile under instant control. *Gaev v. Mandell,* 219 Pa. Superior Ct. 397, 281 A.2d 699 (1971). However, if a pedestrian before being hit has been on the highway for a long enough time so that a careful driver could see him and avoid the accident, then negligence has been established. *McNett v. Briggs,* supra. This is true even if the defendant is driving at a reasonable rate of speed. *Schneider v. Sheldon,* 380 Pa. 360, 110 A.2d 226 (1955).

After the plaintiff has presented his evidence, "[a] compulsory nonsuit can be entered only in a clear case when the facts and inferences lead unerringly to but one conclusion." *McNett v. Briggs,* supra at 326, 272 A.2d at 204. The main issue, then, is whether the facts

and inferences taken most favorably for the plaintiff point only to the conclusion that the decedent was not on the highway for a sufficient period of time so that a driver exercising reasonable care could see him and avoid the accident.

At trial, the defendant testified that when he first saw the decedent, the decedent was "to the left of center" of his car. The state trooper, who investigated the accident, testified that the defendant's automobile was damaged in the right-front area. This would make it appear that the decedent when hit was moving left to right (east to west) toward his truck. Even more revealing is the state trooper's testimony, without objection, that defendant's wife, who was a passenger in the automobile, had told him that when she saw the decedent he was "walking towards the west berm [where his truck was parked], and the man [decedent] was carrying a brown object." Pieces of a brown rock were located by the state trooper in the area where the decedent was hit. A passenger in decedent's truck testified that the decedent left the truck with a lighted flashlight and "a few seconds" later he heard a "thump" although he did not see the accident.

From all the foregoing facts, it is reasonable to infer that the decedent left his truck which was parked on the berm, walked with a lighted flashlight for at least 6 feet on the paved portion of the highway, stopped and picked up something, probably a rock, turned around, and was walking back to his truck when he was hit by defendant's automobile. Thus, the jury could have found that before being hit the decedent had been on the highway for at least a few seconds in order to accomplish these acts. However, no evidence was presented to show that the defendant had tried to avoid this accident, and the defendant's own testimony indicates that he failed to see the decedent until a split second before the impact. Had the defendant seen the

decedent just a few seconds earlier, assuming that he had been on the highway this long, this accident might have been avoided.

In conclusion, this is not a case where the plaintiff has failed to show where the decedent was coming from just prior to the accident. *See Hardy v. Clover Leaf Mills*, 426 Pa. 206, 232 A.2d 755 (1967); *Flagiello v. Crilly*, 409 Pa. 389, 187 A.2d 289 (1963). Nor is this a case where the evidence clearly indicated that the decedent had darted out into the path of oncoming traffic. *See Zernell v. Miley*, 417 Pa. 17, 208 A.2d 264 (1965). The facts and inferences in the present case do not lead unerringly to the sole conclusion that the defendant was free of negligence. The question of whether the decedent was on the highway for a sufficient amount of time so that a careful driver could see him and avoid the accident was one of fact that should have gone to the jury.

Judgment of nonsuit reversed, and a new trial granted.