Esposito, Appellant, *v.* Dairymen's League Cooperative Association, Inc. et al.

Argued March 18, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Thomas E. Mack,* with him *John G. Swatkoski,* for appellant.

*Walter W. O'Hara,* with him *Joseph Marzzacco,* for appellees.

OPINION BY VAN DER VOORT, J., September 22, 1975:

Appeal is taken to this Court from an Order denying appellant's motion to take off a compulsory non-suit, which motion had been granted on May 8, 1974, following appellant's presentation of his case at trial. The cause of action was initiated by a complaint in trespass averring that the individual appellee, an employee of the corporate appellee, had negligently struck appellant's decedent, causing injuries resulting in his death. Following completion of the pleadings, jury trial was held, at which appellant's case was based wholly on circumstantial evidence, there being a lack of any eyewitness testimony or direct proof that appellee's vehicle negligently struck down appellant's decedent. In granting a non-suit, hearing Judge WALSH found that appellant had not met her burden of establishing a factual situation wherein the fact-finding jury could or could not conclude that appellees were negligent and that such negligence was the proximate cause of the accident. Thus the case was removed from the jury's consideration. We disagree.

There is no doubt that the instant jury trial proceeded to the point when non-suit was granted, according to

statutory and procedural law as derived in the Act of 1971, June 3, P.L. 118, No. 6, §1 (12 P.S. §645), and Pennsylvania Rule of Civil Procedure No. 224. It has long been the position of our courts, under the above cited authorities as well as their precursors, that a compulsory non-suit will be granted only after plaintiff has presented his case and it is then evident that he lacks sufficient evidence by which he may maintain his action. See *Mazer v. Kann,* 343 Pa. 376, 22 A.2d 707 (1941). We are guided by our Court's delineation of the standards for granting non-suit in *Paul v. Hess Brothers, Inc.,* 226 Pa. Superior Ct. 92, 94-95, 312 A.2d 65 (1973) :

> "On appeal from a compulsory nonsuit the plaintiff must be given the benefit of every fact and every reasonable inference of fact arising from the evidence, whether direct or circumstantial, and all conflicts must be resolved in the plaintiff's favor. *McDonald v. Ferrebee,* 366 Pa. 543, 79 A.2d 232 (1951). A compulsory nonsuit may be entered only in a clear case where the facts and circumstances lead unerringly to but one conclusion. *McNett v. Briggs,* 217 Pa. Superior Ct. 322, 272 A.2d 202 (1970). While negligence is not established nor is an inference raised by the mere happening of an accident, the plaintiff may rely on circumstantial evidence and inferences reasonably deducible therefrom which must be adequate or [sic] establish the conclusion sought and must so preponderate in the favor of that conclusion as to outweigh in the mind of the fact finder any other evidence and reasonable inferences therefrom which are inconsistent therewith. *McNett v. Briggs,* supra."

Having read the evidence presented in the light most favorable to appellant, we believe that she did present, albeit by circumstantial evidence, a sufficient quantum of evidence regarding the accident to have allowed such evidence to go to the jury for a determination of negligence and fault. See *Haddon v. Lotito,* 399 Pa. 521, 161 A.2d

160 (1960). There was testimony that, at the intersection in question, a wall obstructed the individual appellee's view of the street in the direction of the decedent's approach on the two-lane street. The investigating police officer found unidentified scratches on the bumper of appellee's vehicle. There was a certain amount of debris found near the scene. Testimony was elicited from individuals near the scene who said that they heard a crash, looked up, and saw decedent some distance from the scene, lying in the street, and appellee's truck stopped in the intersection. Further, the investigating officer testified that the individual appellee told him, as a *res gestae* statement, that " 'I did see him, but when I saw him,' he said, 'It was too late.' " (from the notes of Trial Testimony).

We hold that appellant presented facts and evidence of sufficient weight to warrant a fact finder to conclude, as appellant urges, that appellees' negligence was the proximate cause of the accident. We believe that in the circumstances a conclusion for or against appellees' negligence and proximate cause of the injury may be properly deduced by the fact finder.

Order reversed and case remanded for new trial.

JACOBS, J., concurs in the result.