J-A28025-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LOUANN STROTHMANN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHB SPORTS, INC. D/B/A HIESTER | : | No. 1565 MDA 2020 |
| LANES | : | |

Appeal from the Order Entered November 5, 2020
In the Court of Common Pleas of Berks County Civil Division at No(s):
17-04552

BEFORE:   LAZARUS, J., NICHOLS, J., and STEVENS, P.J.E.[*]

DISSENTING MEMORANDUM BY STEVENS, P.J.E.:

**FILED: FEBRUARY 8, 2022**

The Majority reverses the Court of Common Pleas of Berks County's grant of summary judgment in favor of Appellee CHB Sports, Inc. D/B/A Hiester Lanes ("Appellee") on the basis there exists a genuine issue of material fact concerning whether there was a dangerous defect in Appellee's flooring and whether Appellee had constructive notice of the alleged defect.

However, when the evidence is viewed in the light most favorable to Appellant Louann Strothmann ("Appellant"), a reasonable jury could not conclude there was a dangerous defect, which caused Appellant's fall, or that Appellee had constructive knowledge of any such defect.

---

[*] Former Justice specially assigned to the Superior Court.

Moreover, the Majority bases much of its reasoning by assessing the credibility of the witnesses. For example, the Majority replaces the trial court's assessment of Wendy Stamm's account of the incident with its own. It is axiomatic that our Court should not make such credibility determinations. ***See generally Charlie v. Erie Ins. Exchange***, 100 A.3d 244 (Pa.Super. 2014).

I would affirm the trial court's grant of summary judgment in favor of Appellee and in support thereof quote the following relevant portion of the trial court's opinion:

> Because a plaintiff has the burden of proof, a defendant may establish a right to summary judgment by demonstrating the plaintiff's inability to show an element essential to her claim. If the plaintiff fails to contravene the defendant's claim with evidence raising a factual dispute as to that element, the defendant is entitled to entry of summary judgment as a matter of law. ***Pappas v. UNUM Life Insurance Company of America***, 856 A.2d 183 (Pa.Super. 2004). In the case *sub judice*, [Appellant] is a business invitee. The duty owed to a business invitee is the highest duty owed to any entrant upon the land. The landowner is under an affirmative duty to protect a business visitor not only against known dangers but also against those which might be discovered with reasonable case. With respect to conditions on the land which are known or discoverable by the possessor, the possessor is subject to liability only if he:
>
> a. Knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee(s), and
>
> b. Should expect that they will not discover the condition, or will fail to protect themselves against it, and
>
> c. Fails to exercise reasonable care to protect them against the danger.
>
> ***Carrender v. Fitterer***, [503 Pa. 178,] 469 A.2d 120, 123 (1983).

[The trial] court granted summary judgment [in the case *sub judice*] because it found, as a matter of law, that [Appellant] had failed to produce sufficient evidence establishing what actually had caused [her] fall and where the fall had actually occurred. [Appellant] suggests that something was raised on the floor that caused her accident. [Appellant's] witness, Wendy Stamm, does not support [Appellant's] argument. Ms. Stamm testified that she found a large hole in the floor. [No reasonable jury could find a] raised or uneven portion of the floor…equate[s] to a large hole, which was the length of a person's foot. Moreover, [Appellant] never noticed any defect [in] the approximately eight times she had traveled over the floor. [Appellant] even admitted she could not find any condition "without scrutinizing it." A large hole would not need scrutinization.

Additionally, an invitee must prove whether the proprietor of the land created the harmful condition, or he had actual or constructive notice of such condition. ***Estate of Swift v. Northeastern Hosp. of Phila.***, 690 A.2d 719 (Pa.Super. 1997). Even assuming *arguendo* that [Appellant] could show the cause of her fall in the instant case, she produced no evidence that [Appellee] was aware of any defect. Prior to the date of this incident, [Appellee's] manager was unaware of any complaints relative to the area where [Appellant] had fallen. Although the non-moving party must be given the benefit of all reasonable inferences, the party need not be given the benefit of inferences not supported by the record or of mere speculation.

Trial Court Opinion, filed 3/26/21, at 5-6.

As the trial court indicated in its opinion, Appellant was uncertain in her deposition about what had caused her to fall, and she was unable to identify the exact area where she had fallen. ***Id.*** at 2. Appellant speculated that several different conditions could have caused her to fall, such as "a large, raised bump," a "divot," a condition "like a seam," a "crack," or "whatever this was or wasn't in the floor." ***See id.***

Appellant's case is based on pure speculation, and such speculation does not make out a *prima facie* case of negligence. Further, absent evidence from

- 3 -

which a jury could reasonably determine what caused Appellant's fall, a jury could not reasonably determine that Appellee had constructive notice of the cause (*i.e.*, a defect).

As our Supreme Court has recognized, "[t]he mere happening of an accident…does not establish negligence nor raise an inference or a presumption of negligence nor make out a *prima facie* case of negligence." **Flagiello v. Crilly**, 409 Pa. 389, 187 A.2d 289, 290 (1963) (citations omitted).

In the case *sub judice*, while Appellant may have set out a *prima facie* case that she fell and suffered injury, she has not set out a *prima facie* case as to what caused her to fall and/or that there was a dangerous defect in Appellee's floor. The mere fact she fell does not, in and of itself, establish a presumption of negligence.

Based on the aforementioned, I would affirm the trial court's grant of summary judgment in favor of Appellee and respectfully dissent.