## Mervine *v.* Sley System Garages, Inc., Appellant.

Argued June 15, 1960. Before RHODES, P. J., GUN-
THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-
GOMERY, JJ.

*Thomas M. Thistle,* with him *Smyth, Straub &
Thistle,* for appellant.

*Raymond L. McConemy, Jr.,* for appellee.

OPINION BY WATKINS, J., September 16, 1960:

This is an appeal from the judgment of the Municipal Court of Philadelphia entered on a verdict of a jury in favor of the plaintiff-appellee, Jean P. Mervine, and against the defendant-appellant, Sley System Garages, Inc.; and the dismissal by the court en banc of motions for a new trial and judgment n.o.v.

The action is one of assumpsit by the plaintiff to recover damages to an automobile, caused by the negligent conduct of defendant's employees while said automobile was in the care of the defendant, as a bailee, on its parking lot. The record shows that on December 6, 1956, the appellee left his car on the defendant's parking lot at Seventeenth Street and Benjamin Franklin Parkway in Philadelphia. The car was left in the care of a parking lot attendant and was in good condition. At that time there was some ice and snow on the lot with some of the parking area cleared. When the plaintiff returned for his car he found it in a damaged condition and inoperative. It was located on a portion of the lot which was covered with ice and snow. Pieces of metal were observed lying under the automobile, which he later learned were parts of the transmission. He also observed cavities in the snow and ice, both in the front and behind the rear wheels of the automobile. The cost of the repairs amounted to $394.45. The defendant denied the car was damaged through the negligence of his employees but that the damages were brought about solely as a result of the defective condition of the plaintiff's automobile and its parts when bailed to the defendant. The opinion of Judge BURCH, of the court below, succinctly reviews the testimony and the issues raised by this appeal: "The plaintiff testified that he drove his Packard sedan on to the parking lot and drove the sedan along side of

the attendants' building and left it there; that it had recently snowed and there was snow on the lot. When he returned about one hour and a quarter later, the automobile was stopped parallel to 17th Street and parts of the transmission were in the snow under the automobile. The automobile could not be operated.

. "Anderson Beaver Winters, on behalf of the plaintiff, testified that he was engaged in the automobile repair business and that he repaired the plaintiff's automobile after the occurrence; that the repairs were necessary and that the costs of the repairs amounted to $394.45; that the band of the transmission was burned and bent and was badly worn in spots. Normal operation of the automobile could not bring about this condition to the band.

"At this point the plaintiff had shown the bailment, the return of the automobile in a damaged condition and the amount of his loss. The duty then devolved on the bailee to go forward with evidence showing the circumstances under which the automobile was damaged. The defendant called two witnesses for this purpose. The first was Charles Augustus Parks, who at the time of the occurrence was employed by the defendant as a parking lot attendant. He testified that he operated the automobile on said date; that he moved the automobile from the attendants' building about ten feet westward and then drove the automobile so that it faced north parallel with 17th Street. He put the automobile in reverse to park it and as he stepped on the accelerator 'the handle jumped back in the drive; something popped. . . . There were pieces of metal on the ground and some grease'; that he tried to drive the automobile and it would not move. He does not recall whether there was snow or ice in the slot where he intended to park the automobile.

"The other witness, James L. Bailey, testified that he was the parking lot manager and checker; that he

attempted to put the car in reverse gear and it would not move; that the transmission and pieces of metal were on the ground and that there was ice and snow on the lot. He could not recall whether there was any ice or snow under the plaintiff's automobile.

"The account given by the defendant's witnesses, if believed by the jury, fails to disclose negligence on the part of the defendant. It then became necessary for the plaintiff to prove negligence affirmatively.

"The plaintiff then testified that when he returned for his automobile the pieces of transmission were lying on snow and ice and that he saw cavities in front of the rear wheels and also in back of the rear wheels. Mr. Winters was recalled and he produced band to the transmission that was removed from the plaintiff's Packard sedan. He testified that the band showed some wear and was partly disintegrated; that when the band is in the unit it is perfectly round. Over the objection of the defendant he was allowed to give his opinion as to the cause of the break of the transmission, to wit, that the transmission was destroyed by the drum breaking due to a heavy load upon it; that this could be brought about when the rear wheels are spun upon ice and snow; that the wear shown on the inside of the band was unusual and was not caused by natural wear and tear. The automobile could not be operated with the band in that condition.

"The defendant assigns as error by the trial judge the admission of that expert testimony and the refusal to strike the same from the record. We believe that this opinion evidence was admissible. Mr. Winters had serviced the car and had examined the transmission shortly before the occurrence and qualified as an expert competent to offer an opinion."

We see no merit in the motion for judgment n.o.v.
"On ruling on a motion for judgment n.o.v. we are re-

quired to view the testimony in the light most advantageous to the plaintiff and to resolve all conflicts therein in his favor and he is to be given every benefit of every fact and inference of fact pertaining to the issues involved which may reasonably be deduced from the evidence; and in addition the plaintiff is entitled to have the evidence supporting his verdict considered and all the rest rejected." *Metro v. Long Trans. Co.,* 387 Pa. 354, 127 A. 2d 716 (1956).

The jury in this case could reasonably infer negligence from the evidence, in that the employees of the defendant in parking the car on the lot placed it in an area covered with ice and snow, when there was available parking area on the lot cleared of ice and snow; that the testimony of the attendant, that while he was parking the car "something popped" and pieces of metal from the transmission were found on the ice and snow beneath the car; that the pieces of the transmission on the ground and the cavities in front of the rear wheels and in back of the rear wheels indicated that the car had been violently rocked back and forth on the ice to cause such an unusual incident resulting in parts of the transmission being smashed to the ground. This, together with the expert opinion testimony that the cause of the destruction of the transmission was the breaking of the transmission drum due to a heavy load upon it, and that this heavy load could be brought about when the rear wheels are spun upon ice and snow. This opinion evidence is competent. We held in *Huck-Gerhardt Co., Inc. v. Kendall,* 189 Pa. Superior Ct. 126, 149 A. 2d 169 (1959), that an expert witness could express an opinion that a fire originated in the motor of a car as a result of a short circuit of an unconnected battery igniting the gasoline in a fuel pump. Expert opinion as to the cause of an accident is always admissible where the facts depend upon circumstantial rather than direct evidence. *Foley v. The*

*Pittsburgh-DesMoines Co.*, 363 Pa. 1, 68 A. 2d 517 (1949).

Judgment affirmed.