Opinion by
 

 Flood, J.,
 

 The defendant has appealed from a refusal of the court below to enter judgment n.o.v. against the additional defendant, Mrs. Jurewicz, whose car collided with the defendant’s bus in an intersection. Its contention is that as she was admittedly negligent and the negligence of the bus operator was not a superseding cause, her negligence was a proximate cause of the pas
 
 *280
 
 senger’s injury. Actually the situation raises neither the issue of superseding cause or proximate cause. The real question is whether the negligence of the addition: al defendant was a cause in fact of the accident. Relying upon the case of
 
 Ginsburg v. Pittsburgh Railways Company,
 
 355 Pa. 193, 49 A. 2d 367 (1946), the court below, in effect, held that it was not. We agree.
 

 The additional defendant testified that she entered the intersection from the north and,' relying upon a green traffic light, maintained her speed of about twenty-five miles per hour but did not look for traffic on thé cross street before entering the intersection. Under such circumstances, her failure to look was negligent as a matter of law.
 
 Grande v. Wooleyhan Transport Company,
 
 353 Pa. 535, 46 A. 2d 241 (1946). The issue is whether this negligence was a cause of the accident.
 

 The determination of whether causal connection exists is for the jury, if there is any substantial evidence of such connection. Bearing in mind that on appeal from the refusal of a motion for judgment n.o.v., we must construe the evidence most favorably to the party who obtained the verdict, the jury’s verdict is clearly justified. From the testimony the jury could have found that when Mrs. Jurewicz entered the intersection the P.T.C. bus was stopped either to discharge or load passengers; that she had the green light and would have been justified, if she had looked before entering the intersection, in assuming that the bus would not start until she had cleared the intersection; that the bus driver started immediately after discharging or loading his passengers, while the light was still red or amber for him and Mrs. Jurewicz was in the intersection; that in the split second before he started the bus he took only a glance at the surrounding traffic situation; that Mrs. Jurewicz appeared to him to be only twenty to twenty-five. feet away, travelling
 
 *281
 
 thirty-five to forty miles an hour, and he “knew she was not going to stop”. In fact the jury would be warranted in finding from the bus driver’s testimony that he looked only as he started moving. If so, the conclusion follows that even had Mrs. Jurewicz performed her legal duty and looked before she entered the intersection, she would have been justified in doing just what she did — -continuing across in reliance upon the green light since no traffic was moving toward the intersection. The jury evidently concluded that the accident would have happened even if she had done her full duty and that her failure to look could not, therefore, be considered in any degree a cause of the accident. This was a proper determination under the evidence.
 

 The questions of proximate cause, intervening cause, or similar problems of legal cause which have given the courts and commentators so much trouble (see Keeton, Legal Cause in The Law of Torts (1963)), arise only after it has appeared that the defendant’s negligence is in fact a cause of the collision — that it would not have occurred “but for” her negligence. “It is not negligence in the abstract that bars a recovery but negligence which contributes to the injury”.
 
 Ginsburg v. Pittsburgh Railways Company,
 
 supra. See also
 
 Baughman v. Shenango and Allegheny Railway Company,
 
 92 Pa. 335, 37 Am. Rep. 690 (1880).
 

 This matter was fully and luminously discussed by this court in
 
 Clee v. Brinks,
 
 135 Pa. Superior Ct. 345, 5 A. 2d 387 (1939), in which Judge Cunningham said, in part: “The ground upon which the trial judge held the plaintiff guilty of negligence, as a matter of law, was evidently his admission that after looking to his right at the houseline he did not again look in that direction until appellant’s truck was ‘right on top of’ him .... Just as a negligent defendant cannot be held liable in damages unless his negligence is a cause of
 
 *282
 
 the injuries complained of, so too a plaintiff who is negligent is not barred from recovery unless his negligence is a cause of his injury ....
 

 “[TJhere is no doubt that a plaintiff’s negligence must, at the least, be a causa sine qua non of his injury before he is barred from recovery . . . .”
 

 Judgment affirmed.