393 A.2d 733

**Rudolph W. IZZO, Appellant,**

v.

**Catherine MEYER and Borough of New Brighton,**

v.

**Clarence A. BREWER, t/d/b/a the Pizza Place, Appellees.**

Superior Court of Pennsylvania.

Argued April 10, 1978.

Decided Oct. 20, 1978.

Price and Van der Voort, JJ., dissented.

John J. Petrush, Beaver Falls, for appellant.

John P. Dohanich, Ambridge, and Edward J. Tocci, Aliquippa, for appellees.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

HESTER, Judge:

This is an appeal from the Order of the Court of Common Pleas of Beaver County denying appellant's motion to remove a compulsory non-suit.

Appellant initiated this action by Complaint in Trespass on January 22, 1976, seeking compensatory damages for injuries sustained as a result of his fall on an icy sidewalk in front of appellee Brewer's Pizza Shop in New Brighton,

Pennsylvania. Appellant also joined as defendants the Borough of New Brighton and Catherine Meyer, owner of the building which housed the pizza shop. Appellant alleged in his complaint that appellees were liable for his injuries as the result of a buildup of thick, lumpy, ridges of ice on the sidewalk in front of the pizza shop; that this created an unreasonable risk of harm to pedestrians and that his fall and subsequent injuries were as a direct result of this unreasonable risk.

At trial appellant presented testimony of two witnesses, himself and Caroline C. Snyder. He then introduced various admissions and exhibits into evidence and then rested. The appellees then moved for a compulsory non-suit, alleging that the appellant had failed to establish a causal connection between the ice and his fall and that appellant was contributorily negligent as a matter of law. Appellant then moved to reopen his case. The trial judge refused to permit appellant to reopen and granted appellees' motions for non-suits on June 23, 1977. On June 28, 1977, appellant moved to set aside the non-suits. This was denied by the Court en banc, hence this appeal.

Appellant initially alleges that it was error to enter a compulsory non-suit, since the evidence he presented established a prima facie case of negligence and was sufficient to submit the issues of fact to the jury.

In Pennsylvania, the law is clear that a court can grant a non-suit in a trespass action only when the plaintiff's evidence, together with all the inferences of fact arising therefrom, are insufficient to make out a prima facie case of negligence. *Watkins v. Sharon Eagles,* 423 Pa. 396, 223 A.2d 742 (1966); *Forry v. Gulf Oil Corporation,* 428 Pa. 334, 237 A.2d 593 (1968).

The issue thus becomes whether the evidence sufficiently demonstrated that appellees allowed an icy buildup on the sidewalk so as to create an unreasonable risk of harm and that such risk caused appellant's injuries.

In Pennsylvania, as a general rule, there is no liability created by a general slippery condition on the sidewalks. It must appear that there were dangerous conditions due to ridges or elevations, which were allowed to remain for an unreasonable length of time. *Bacsick v. Barnes*, 234 Pa.Super. 616, 341 A.2d 157 (1975); *Rinaldi v. Levine*, 406 Pa. 74, 176 A.2d 623 (1962); *Whitten v. H. A. Gable Co.*, 331 Pa. 429, 200 A.2d 644 (1938). The plaintiff must also show that these ridges or elevations were the cause of his fall. *Rinaldi, supra*. Absent proof of the above, the plaintiff has no basis for recovery.

Our Supreme Court stated in *Lascoskie v. Berks County Trust Company*, 417 Pa. 53, 208 A.2d 463 (1965):

"Where a property owner is charged with negligence in permitting the accumulation of snow or ice on his sidewalk, the proof necessary to sustain such a charge has been clearly defined by our decisional law. It is encumbent upon a plaintiff in such situation to prove: (1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such [defective] condition; and (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall. Absent proof of all such facts, plaintiff has no basis for recovery. See: *Miller v. City Ice and Fuel Co.*, 363 Pa. 182, 184, 69 A.2d 140; *Milburn v. Knights of Columbus Home Association*, 167 Pa.Super. 509, 511, 76 A.2d 466."

See also: *Puskarich v. Trustees of Zembo Temple, supra.*

The lower court analyzed the appellant's testimony in the following manner:

"The plaintiff had meticulously proven that the accumulated ice was "lumpy" like coal, obviously recognizing the importance of such testimony, and the witnesses further testified as to the plaintiff's fall and that he fell on an icy portion of the sidewalk. The plaintiff surely knew that he had easily proven that the original defendants were negli-

gent and that the only item that could preclude a recovery by plaintiff was lack of proof of causation." (Lower court opinion, page 9).

As we stated in *Paul v. Hess Brothers, Inc.*, 226 Pa.Super. 92, 312 A.2d 65 (1973):

On appeal from a compulsory nonsuit the plaintiff must be given the benefit of every fact and every reasonable inference of fact arising from the evidence, whether direct or circumstantial, and all conflicts must be resolved in the plaintiff's favor. *McDonald v. Ferrebee*, 366 Pa. 543, 79 A.2d 232 (1951). A compulsory nonsuit may be entered only in a clear case where the facts and circumstances lead unerringly to but one conclusion. *McNett v. Briggs*, 217 Pa.Super. 322, 272 A.2d 202 (1970). While negligence is not established nor is an inference raised by the mere happening of an accident, the plaintiff may rely on circumstantial evidence and inferences reasonably deductible therefrom which must be adequate to establish the conclusion sought and must so preponderate in the favor of that conclusion as to outweigh in the mind of the fact finder any other evidence and reasonable inferences therefrom which are inconsistent therewith. *McNett v. Briggs*, supra.

In determining whether a case is to be submitted to the jury the judge cannot choose between two reasonable inferences. The facts are for the jury where a reasonable conclusion can be reached which would place liability on the defendant. The jury may decide that such evidence does not preponderate in favor of liability, but such a decision is for the jury, not the court. *McNett v. Briggs*, supra.

The court was of the opinion that appellant had not shown that he slipped due to the *ridges* of ice. We must, therefore, examine the testimony, giving the benefit of all inferences to the appellant, to determine the correctness of this finding.

The appellant on direct examination gave the following testimony (pages 6–7 N.T.):

Q  Now, when you first got out of the car and went into the pizza shop, what was the condition of the pavement in front of the building?

A  You mean the pizza shop?

Q  The pizza shop and the other portion?

A  Well, the pizza shop was clear and the other part was icy and lumpy, thick lumps of ice.

Q  You are saying that the ice had been cleared from the pizza shop building to the curb?

A  Yes, it was clear there.

Q  Was the ice cleared from the doorway and the empty store-front of the premises?

A  No.

Q  Now, the ice that you described there, would you tell us how thick it was?

A  Well, it was like small lumps of coal.

Q  Approximately how thick in inches?

A  Well, maybe one and a half, two inches, somewhere around in that area.

Q  And you said it was lumpy, it was not smooth?

A  No.

Q  What was the air temperature like at this time?

A  It was a little windy and cold.

Q  Was it raining or snowing at this particular time?

A  No.

Q  And the icy condition that you observed in front of the two doorways, the doorway leading to the upstairs apartment and the empty storefront, was that ice in patches, or was it a solid surface from the building to the curb?

A  No, it was in patches.

Q  Now, after you picked up your hat, what did you do?

A  Well, I walked onto the sidewalk and on back to the car. Then I slipped on the sidewalk and fell.

Q  Did you slip on a cleared portion of the sidewalk or an icy portion?

A  Icy.

The appellant continued on cross examination (Page 16, N.T.):

Q  Now, on direct examination you described this ice that you fell on, and I believe you described it as being similar to a lump of coal, is that right?

A  Small lumps and big sheet of ice, thick.

Q  And this ice that you fell on, could you describe the shape of the ice, not the thickness, but the area?

A  Well, it was in the area, and it was a sheet of ice there.

Q  Was it a circular type patch of ice, or rectangular?

A  Well, there was patches, and then there was circular, you might as well call it, similar to a blanket.

Q  And how wide an area would this have been?

A  Well, it covered the area from the empty storeroom to the doorway where the apartments are. Further on up the corner, I couldn't see, because I wasn't up that far.

Q  And was it from the sidewalk, or was it from the building all the way out to the curb?

A  Sidewalk out to the curb.

Q  It was one area, then? It was not just patches of ice?

A  It was a sheet of ice, lumpy.

Caroline Snyder, the appellant's other witness, who assisted appellant following his fall, testified as follows: (N.T., page 47–48)

Q  When you reached Mr. Izzo, where was he?

A  He was down on the ground, right there by the parking meter.

Q  Okay. And what was the condition of the sidewalk beneath him?

A  It was *all slippery and icy.*

Q  Did you notice ice there?

A  Yes, I did, the whole block was filled with ice there.

Q  Was there—was the ice cleared away in front of the pizza shop?

A  Yes, it was. That was the only place that was clear.

Q  *Can you describe for me the surface of this ice, whether it was smooth or rough?*

A  It was *rough.*  (Emphasis added)

█  The lower court relies on the fact that appellant referred to the icy area as *lumpy* and a sheet of ice, implying that the area slipped on contained both flat and ridged ice and his failure to identify specifically a ridged portion as the falling catalyst—rendered his testimony not sufficient to sustain the legal burden necessary to avoid a non-suit.  We disagree.  To grant a non-suit in a negligence case, the evidence must be *so* conclusive as to exclude the reasonable probability of inference otherwise.  See *Paul v. Hess Brothers, Inc.,* supra;  *Plummer v. Wessner,* 217 Pa.Super. 24, 268 A.2d 144 (1970).

█  The testimony above clearly creates a *reasonable* inference that appellant fell because of lumpy, ridged ice. The appellant testified that he slipped on the icy portion of the sidewalk and that the icy portion consisted of ridges and lumps.

Q  .  .  .  What was the condition of the pavement in front of the building?

A  Well, the pizza shop was clear and the other part was icy and lumpy, thick lumps of ice.

Q  Now the ice you described there, would you tell us how thick it was?

A  Well, it was like small lumps of coal.  (N.T. 6)

Q  Did you slip on a cleared portion of the sidewalk or an icy portion?

A  Icy.  (N.T. 7)

This clearly creates the inference that he slipped because of the ridged ice.  In addition, the appellant's witness testified that when she helped appellant from the ground, the ice around him was *rough.*

We are of the opinion that the testimony as to causation was sufficient to require its submission to a jury.

The order granting a compulsory non-suit is reversed and a new trial granted.

PRICE and VAN der VOORT, JJ., dissent.

HOFFMAN, J., did not participate in the consideration or decision of this case.