## Schell v. Jack Frost Mountain Co.

C.P. of Carbon County, no. 92-0111.

*Martin J. Kilstein,* for plaintiffs.
*Hugh M. Emory,* for defendants.

LAVELLE, *P.J.,* June 25, 1996—This case is before the court on the motion for summary judgment of Jack Frost Mountain Co. and Blue Ridge Real Estate Co.

The underlying lawsuit emanates from a fall that occurred on January 21, 1991 at approximately 4:15 p.m., while plaintiff, Rita Schell, was traversing defendants' property at Jack Frost Ski Resort. Ms. Schell's complaint alleges that she slipped and fell in the parking

lot owned by Jack Frost and that her fall was caused by "hills and ridges" of ice.

The sole basis for Jack Frost's motion is that plaintiffs have failed to establish an issue of material fact as to the existence of "hills or ridges" of ice on the Jack Frost parking lot. The record at this stage of the proceedings consists of the pleadings and the deposition testimony of Rita Schell.

## DISCUSSION

Under Pennsylvania law, there is no liability for general slippery conditions of one's property. *Roland v. Kravco Inc.,* 355 Pa. Super. 493, 513 A.2d 1029 (1986). Plaintiffs must show that dangerous conditions existed at the time of the fall and that these conditions caused the fall itself. *Izzo v. Meyer,* 259 Pa. Super. 95, 393 A.2d 733 (1978). The first requirement, the existence of a dangerous condition, is shown by establishing that ice has accumulated to such a degree that it has formed "hills or ridges." These "hills or ridges" are more than a slippery surface or minor elevations of ice; they must be of size and character as to unreasonably obstruct travel and constitute a danger to pedestrians traveling thereon. *Rinaldi v. Levine,* 406 Pa. 74, 176 A.2d 623 (1962). It should be noted that if the presence of these "hills and ridges" cannot be established, the plaintiff has no claim and the court can dismiss the case. *Wilson v. Howard Johnson Restaurant,* 421 Pa. 455, 219 A.2d 676 (1966).

Ms. Schell's deposition reveals that defense counsel questioned her about the condition of the parking lot as well as the area of the lot where she fell.

By Hugh Emory, Esq.

"Q. Where you fell, was it a smooth icy area or a rough icy area?

A. Smooth." See plaintiff's deposition at p. 27, ll. 22-24.

"Q. This icy area where you fell, can you give me any idea as to how thick it was?

A. No, I can't.

Q. Can you tell me whether it was sort of like a glaze of ice over the parking lot?

A. That's how I remember it, as being like a sheet.

Q. A sheet of ice?

A. A sheet of ice." *Id.* at p. 31, ll. 16-24.

Jack Frost contends that Ms. Schell's description of the parking lot as well as her characterization of the area where she fell directly contradicts the "hills or ridges" of ice allegations set forth in the complaint and summary judgment should be granted. We disagree.

A summary judgment will be granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.C.P. 1035(b). This standard requires that all issues of material fact be viewed in a light most favorable to the nonmoving party. *Yakowicz v. Costigan,* 17 Pa. Commw. 287, 331 A.2d 338 (1975). In so doing, the court will only examine those facts which directly affect the disposition of the case—*i.e.* the material facts. Then, if a question or doubt exists as to the material facts of the case, summary judgment

will not be granted. *Hayward v. Medical Center,* 530 Pa. 320, 608 A.2d 1040 (1991).

While it is the burden of the moving party to show that only one possible interpretation of the facts exists, the nonmoving party can defeat a motion for summary judgment by presenting affidavits or other means as specified in Pa.R.C.P. 1035 which set forth specific evidence indicating that an issue of material fact exists. *Marks v. Tasman,* 571 Pa. 132, 589 A.2d 205 (1991).

In plaintiff's response to the motion for summary judgment, plaintiffs attached an investigator's report which stated that the lot "is strewn with small ruts, potholes, tire imprints, and uneven terrain." In addition, plaintiffs have submitted an affidavit of Ms. Schell in which she states "the ground in the season parking lot was rough and uneven . . . with ice and snow, the uneven area of the defendant's season lot became more hazardous . . . with portions being very rough, bumpy, hilly and with intermingled areas being smooth." We, therefore, have before us from Ms. Schell two different descriptions of the condition of the parking lot. If the fact-finder believes the affidavit version, she would satisfy the first requirement for imposing liability on Jack Frost. We also have another description of the parking lot from an investigator, which even if the fact-finder disregarded all of Ms. Schell's evidence, would be sufficient to meet the "hills or ridges" test. A fact-finder could infer that a parking lot strewn with ruts, potholes, tire imprints, etc., when frozen over, would consist of "hills or ridges" of ice. Thus, there is an issue of material fact as to whether there were "hills or ridges" of ice on the Jack Frost parking lot at the time of Ms. Schell's fall.

Accordingly, we will deny summary judgment.

## ORDER

And now, June 25, 1996, upon consideration of defendants' motion for summary judgment, it is hereby ordered and decreed that the motion for summary judgment of Jack Frost Mountain Co. and Blue Ridge Real Estate Co. is hereby denied and dismissed.