**Heichel v Smith Paving and Construction Co.**

C.P. of Lawrence County, No. 10057 of 2010

*Douglas J. Olcott*, for plaintiffs.

*Rhonda J. Sudina*, for Defendant Smith Paving and Construction, a/kfa Smith Paving & Construction Company.

*Jennifer M. Swistak*, for Defendant Grubb & Ellis Management Services, Inc.

COX, *J.*, Dec. 22, 2014—In the instant matter, the plaintiffs Patricia Heichel and Gerald Heichel have filed a timely notice of appeal on November 12, 2014, arising from the court's orders dated October 15, 2014, and November 12, 2014, in which the court granted the defendants' motion for summary judgment and denied the plaintiffs' motion for reconsideration. The court issued an order requiring the plaintiffs to file a concise statement of errors complained of on appeal dated November 14, 2014. On December 4, 2014, the plaintiffs filed plaintiffs' concise statement of matters [*sic*] complained of on appeal, which first asserts the court committed the following errors in granting the defendants' motion for summary judgment:

1. The court erred in deciding genuine issues of material fact regarding the condition of the property and the cause of Patricia Heichel's injury;

2. The court erred in concluding as a matter of law that

plaintiffs' evidence was insufficient to establish that the icy condition of the parking lot was the legal cause of her injury; and

3. The court erred in its application of the hills and ridges doctrine in a case where the evidence was sufficient to establish that a dangerous man-made condition arising out of the maintenance or character of the property substantially increased the risk of injury and was the ultimate cause of Patricia Heichel's fall and resulting in severe head injury.

The plaintiffs also contend that the court committed the following errors in denying the plaintiffs' motion for reconsideration:

1. The court abused its discretion in failing to grant reconsideration when the plaintiffs presented sufficient additional evidence, including medical records, confirming that her fall occurred in the location and in the manner alleged in the pleadings and as plainly demonstrated by the previously supplied video evidence;

2. The court abused its discretion in erroneously deciding genuine issues of material fact regarding the condition of the property and the cause of Patricia Heichel's injury;

3. The court abused its discretion in failing to grant reconsideration when it misapplied controlling case law and erroneously held that the hills and ridges doctrine barred the plaintiffs' claim; and

4. The court abused its discretion in failing to grant reconsideration where controlling case law renders the evidence presented by the plaintiff sufficient to raise a

genuine issue of material fact requiring jury resolution.

Defendant Grubb & Ellis is the property manager for the Liberty Mutual Building which is located at 2501 Wilmington Road, New Castle, Lawrence County, Pennsylvania. Liberty Mutual entered into a contract with defendant Smith Paving for snow removal on the Liberty Mutual premises for the 2007 through 2008 winter. Defendant Smith Paving's main responsibilities pursuant to the contract were to remove snow and ice from the parking lot and walkway area.

On February 12, 2008, defendant Smith Paving provided continuous snow removal services to the Liberty Mutual premises commencing at 4:00 a.m. to midnight. There was a total charge for 20 hours of continuous service on that date for an amount of $11,800.00. The service included 20 hours of plow truck service, 80 tons of salt, 20 hours of backhoe service, 5 hours of plow truck service, 10 hours of labor on the sidewalks and 60 bags of calcium. On that date, the New Castle area received six to ten inches of snow that changed to ice and freezing rain. There were no complaints made to defendant Smith Paving or defendant Grubb & Ellis that there was ice or snow on the Liberty Mutual parking lot or sidewalks. On that date, Patricia Heichel was leaving work and traversing the parking lot on the Liberty Mutual premises on her way to her vehicle when she fell. Mrs. Heichel failed to explain whether the parking lot, encompassing the immediate area of her fall, was covered with snow or ice nor could she recall many details from that incident, which included the type of shoes she was wearing or the time when the fall occurred. She also does not recall the cause of her fall. Lori Thorman, Mrs. Heichel's co-worker, responded to the report that Mrs. Heichel fell. Ms. Thorman testified that she had to walk "very cautiously and it was slippery"

in the general area of the walkways and parking lot. She recounted that she had to hold onto the security guard and was taking small steps when walking on that area. Ms. Thorman explained that the parking lot was slippery but did not describe whether there was ice or snow in that area. It must be noted that Ms. Thorman was walking on the parking lot after Mrs. Heichel fell. There is no other testimony stating that the parking lot or walkways were covered with snow and ice at the time of Mrs. Heichel's fall. The plaintiffs originally presented black and white photographs derived from Liberty Mutual's surveillance cameras that depicted the condition of the parking lot and the area where Mrs. Heichel fell. However, those photographs were taken from a distance that makes it difficult to decipher the condition of the parking lot.

As a result of that incident, the plaintiffs filed suit on January 13, 2010, asserting claims of negligence against defendant Smith Paving and defendant Grubb & Ellis. Gerald Heichel asserted a claim for loss of consortium against the defendants. On March 29, 2010, defendant Smith Paving filed an answer, new matter and crossclaim pursuant to Pa.R.C.P. No. 1031.1, in which it contends that it is entitled to contribution or indemnity from defendant Grubb & Ellis, if defendant Smith Paving is found to be liable in this case. On April 29, 2010, defendant Grubb & Ellis filed its answer, new matter and crossclaim pursuant to Pa.R.C.P. No. 1031.1, asserting it is a third party beneficiary of the contract between Liberty Mutual and defendant Smith Paving and it is entitled to contribution or indemnity from defendant Smith Paving if it is found to be liable in the current matter. On May 10, 2010, defendant Smith Paving filed a reply to defendant Grubb & Ellis' crossclaim, and defendant Grubb & Ellis filed its reply to defendant Smith Paving's crossclaim. On March

17, 2014, defendant Smith Paving filed its motion for summary judgment. Defendant Grubb & Ellis also filed a motion for summary judgment on March 26, 2014. Both motions for summary judgment argued that the plaintiffs failed to establish a *prima facie* case for negligence as they are unable to establish the cause of Patricia Heichel's fall nor are they able to demonstrate that the snow or ice accumulated in ridges or elevations of such size to unreasonably obstruct travel and created a dangerous condition. Defendant Grubb & Ellis also asserted that it is entitled to summary judgment on its crossclaim as it is a third party beneficiary of the contract between defendant Smith Paving and Liberty Mutual in which defendant Smith Paving agreed to indemnify defendant Grubb & Ellis for liabilities arising out of defendant Smith Paving's performance of snow removal on the premises in question. The court granted the defendants' motions for summary judgment and it dismissed the plaintiffs' complaint on October 15, 2014. As such, the court did not address the motions for summary judgment concerning the defendants' crossclaims. The plaintiffs then filed a motion for reconsideration on October 28, 2014, in which it provided the court with several documents the court did not have access to when deciding the motions for summary judgment which included the Noga Ambulance Incident Report, the Emergency Room Report from Jameson Memorial Hospital and higher quality photographs that more clearly depicted the condition of the parking lot. On November 12, 2014, the court denied the plaintiffs' motion for reconsideration. In response, the plaintiffs filed their notice of appeal on the same date. The plaintiffs have timely filed plaintiffs' concise statement of matters [*sic*] complained of on appeal.

The plaintiffs contend that the court erred in its orders

dated October 15, 2014, and November 12, 2014, by deciding genuine issues of material fact regarding the condition of the property that caused Patricia Heichel to fall and injure herself and in concluding as a matter of law that plaintiffs' evidence was insufficient to establish that the icy condition of the parking lot was the legal cause of her injury.

The purpose of the summary judgment rule is to eliminate cases prior to trial where a party cannot make out a claim or defense after the relevant discovery has been completed. *Miller v. Sacred Heart Hospital*, 753 A.2d 829 (Pa. Super. 2000). Any party may move for summary judgment in whole or in part as a matter of law whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. Pa.R.C.P. No. 1035.2.

Summary judgment may be granted only in cases where it is clear and free from doubt that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. *Kafando v. Erie Ceramic Arts Co.*, 764 A.2d 59, 61 (Pa. Super. 2000) (citing *Rush v. Philadelphia Newspapers, Inc.*, 732 A.2d 648, 650-651 (Pa. Super. 1999)). The moving party bears the burden of proving the non-existence of any genuine issue of material fact. Kafando, supra. A material fact, for summary judgment purposes, is one that directly affects the outcome of the case. *Gerrow v. Shincor Silicones,*

*Inc.,* 756 A.2d 697 (Pa. Super. 2000); *Kuney v. Benjamin Franklin Clinic,* 751 A.2d 662 (Pa. Super. 2000).

The non-moving party must adduce sufficient evidence on issues essential to his case on which he bears the burden of proof such that a jury could return a verdict in his favor. Failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Ertel v. Patriot-News Company,* 544 Pa. 93, 674 A.2d 1038 (1996), *reargument denied,* (1996), *certiorari denied,* 519 U.S. 1008 (1996). The non-moving party must demonstrate that there is a genuine issue for trial and may not rest on averments in its pleadings. *DeSantis v. Frick Company,* 745 A.2d 624 (Pa. Super. 1999); *Merriweather v. Philadelphia Newspapers, Inc.,* 453 Pa. Super. 464, 469-472, 684 A.2d 137, 140 (1996).

When determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hughes v. Seven Springs Farm, Inc.,* 563 Pa. 501,752 A.2d 339 (2000); *Dean v. Commonwealth Department of Transportation,* 561 Pa. 503, 751 A.2d 1130 (2000). Summary judgment is proper when the uncontroverted allegations in the pleadings, depositions, answers to interrogatories, admissions of record, and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. *P.J.S. v. Pennsylvania State Ethics Comm'n,* 555 Pa. 149, 153, 723 A.2d 174, 175 (1999); *Basile v. H & R Block,* 761 A.2d 1115 (Pa. Super. 2001). Only when the facts are so clear that reasonable minds cannot differ, a trial court may properly enter summary judgment. *Basile, supra.*

It is not the function of the court ruling on a motion for summary judgment to weigh evidence and to determine the truth of the matter. *Keenheel v. Pennsylvania Securities Commission*, 143 Pa. Cmwlth. 494, 579 A.2d 1358 (1990).

"[T]he mere happening of an accident or an injury does not establish negligence nor raise an inference or a presumption of negligence nor make out a *prima facie* case of negligence." *Amon v. Shemaka*, 419 Pa. 314, 317, 214 A.2d 238, 240 (1965) (citing *Steiner v. Pittsburgh Railways, Co.*, 415 Pa. 549, 204 A.2d 254 (1964). "Although a jury may not be permitted to reach its verdict merely on the basis of speculation or conjecture, but must have evidence upon which logically its conclusion may be based, circumstantial evidence may be adequate to prove a plaintiff's case." *Deaver v. Miller*, 260 Pa. Super. 173, 177-178, 393 A.2d 1209, 1211 (1978). In order to establish a claim for negligence, a plaintiff must prove the following elements: "(1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; (3) a causal relationship between the breach and the resulting injury suffered by the plaintiff; and (4) actual loss suffered by the plaintiff." *Reeves v. Middletown Athletic Ass'n*, 866 A.2d 1115,1126 (Pa. Super. 2004) (citing *Burman v. Golay & Co., Inc.*, 420 Pa. Super. 209, 616 A.2d 657 (1992)). Under Pennsylvania law, a plaintiff must establish that the defendant's action was a substantial factor in bringing about the harm incurred. *Mahon v. W.C.A.B. (Expert Window Cleaning and State Workers' Insurance Fund)*, 835 A.2d 420, 428 (Pa. Cmwlth. 2003) (citing *Smith v. Philadelphia Transportation Co.*, 202 Pa. Super. 278, 195 A.2d 168, 170 (1963)). It is insufficient to prove the mere occurrence of an injury as the plaintiff must prove a causal connection between the defendant's conduct and the injury. *MIIX Insurance Co. v. Epstein*, 937 A.2d 469,

474 (Pa. Super. 2007) (quoting *Hamil v. Bashline*, 481 Pa. 256, 392 A.2d 1280,1284 (1978)). It is important to note that determining causation is an issue for the jury to decide, unless the evidence is such that reasonable people cannot disagree. *Kirschner v. K & L Gates LLP*, 46 A.3d 737, 754 (Pa. Super. 2012) (citing *Curran v. Stradley, Ronon, Stevens & Young*, 361 Pa. Super. 17,521 A.2d 451, 455 (1987)). A property owner has no duty to keep his or her property free from snow and ice at all times, and must only act within a reasonable time after notice to remove it when it creates a dangerous condition. *Whitton v. H. A. Gable Co.*, 331 Pa. 429, 431, 200 A. 644, 645 (1938) (citations omitted). "There is no liability created by a general slippery condition on sidewalks." *Id.*

In *Izzo v. Meyer*, 259 Pa. Super. 95, 393 A.2d 733 (1978), the court addressed whether the trial court was correct in granting a compulsory non-suit against the appellant for lack of evidence concerning a slip and fall caused by icy conditions of sidewalks providing access to a pizza shop. The appellant filed suit because he was injured after falling on an icy sidewalk in front of the appellee's pizza shop. The appellant also joined the Borough of New Brighton and the owner of the building that housed the pizza shop. He claimed the appellees were liable for his injuries due to an accumulation of thick, lumpy ice that occurred on the sidewalks providing access to the pizza shop. At trial, the appellant presented his testimony and the testimony of another individual concerning the condition of the sidewalk. He then rested and the appellees moved for a compulsory non-suit. The appellant requested to reopen his case, which was denied by the trial court. In addition, the trial court granted the compulsory non-suit. The appellant then moved to set aside the compulsory non-suit, which was denied by the court *en banc*. He then filed

an appeal with the Superior Court of Pennsylvania.

The *Izzo* Court noted that the appellant testified that the sidewalk in front of the pizza shop was clear, but the other portions of the sidewalk were covered with thick, lumpy ice. He also testified that the ice was in patches. The appellant stated that he slipped and fell on an icy portion of the sidewalk while walking to his vehicle. The appellant's witness stated that she found the appellant on the ground lying by a parking meter and the condition of the sidewalk underneath the appellant was icy and slippery. She also explained that the only portion of the sidewalk that was cleared of ice was in front of the pizza shop. The *Izzo* Court stated, "To grant a compulsory non-suit in a negligence case, the evidence must be so conclusive as to exclude the reasonable probability of inference otherwise." *Izzo*, 259 Pa. Super. at 102, 393 A.2d at 737. The court then reasoned that the testimony presented at trial created a reasonable inference that the appellant's fall was caused by lumpy, ridged ice as the appellant testified that he slipped on the icy portion of the sidewalk. *Id.* The *Izzo* Court further stated, "This clearly creates the inference that he slipped because of the ridged ice. In addition, the appellant's witness testified that when she helped appellant from the ground, the ice around him was rough." *Id.* Therefore, the court reversed the trial court by ruling that the testimony was sufficient to require its submission to a jury. *Id.*

In the case *sub judice*, defendant Smith Paving provided 20 hours of continuous snow removal services for the Liberty Mutual premises on the date of February 12, 2008, because the New Castle area received approximately six to ten inches of snow that changed to freezing rain. Mrs. Heichel, who is an employee of Liberty Mutual, was traversing the parking lot when she fell. She is

unable to recall many details of the incident, including the condition of the parking lot, and does not know what caused her to fall. The plaintiffs have also presented the testimony of Lori Thorman, Mrs. Heichel's co-worker, who stated that she had to walk "very cautiously and it was slippery" in the general location where Mrs. Heichel fell. Ms. Thorman testified that the weather conditions just changed from snow to freezing rain and the parking lot was a sheet of ice. However, the plaintiffs have failed to provide any testimony concerning the conditions of the specific area where Mrs. Heichel fell or how she fell. Attached to their motion for reconsideration, the plaintiffs provided the court with medical records from Noga Amublance Service and Emergency Room Records from Jameson Memorial Hospital that indicate Mrs. Heichel was injured by slipping on ice while walking on the Liberty Mutual Parking Lot. The Noga Ambulance Incident Report stated that the parking lot was extremely slippery due to the weather conditions and ongoing snow removal, which appeared to be observations made by the ambulance personnel concerning the general condition of the parking lot. The Ambulance Incident Report also explained that Mrs. Heichel indicated that she fell on ice. The plaintiffs provided the court with pictures captured on Liberty Mutual's surveillance cameras in an attempt to demonstrate the condition of the parking lot, but no other testimony concerning the condition of the parking lot or the walkway. Those pictures, which appear to demonstrate that the snow and ice were properly removed from the Liberty Mutual premises, are taken from a distance and are difficult to decipher. It must be noted that the plaintiffs presented the court with higher quality pictures attached to their motion for reconsideration; however, those pictures illustrate that there were generally slippery conditions in the area and do not demonstrate the condition of the

parking lot in the exact area where Mrs. Heichel fell. The court has the discretion whether to consider additional evidence when deciding a motion for reconsideration. *West Pottsgrove Two. v. Moyer*, 2010 WL 9519343 (Pa. Cmwlth. 2010). The court has decided not to consider that evidence because the plaintiffs had the evidence in their possession when they responded to the defendants' motions for summary judgment and they failed to present the same when they were required to in response to the motion for summary judgment.[1] Hence, it was not newly acquired evidence and the court did not consider it when it decided the plaintiffs' motion for reconsideration.

The plaintiffs also presented the report of John A. Allin, who they held to be an expert in the field of snow removal. Mr. Allin derived his opinion from reviewing the various court filings, responses to discovery, depositions and the weather data for February 7 through February 12, 2008. Mr. Allin stated that defendant Smith Paving's lead engineer at the Liberty Mutual premises, John Ruffley, was unaware of the endothermic properties of rock salt and the exothermic properties of calcium chloride, and he did not know the proper use and rate of application of those products. Mr. Allin opined that the parking lot and walkways should have been inspected more regularly than they were on the date in question as there were inclement weather conditions and caution signs should have been

---

1. It must be noted that reversal of a trial court's decision to grant or deny reconsideration for the purposes of receiving additional evidence is not typically disturbed by the appellate court, unless there is an abuse of discretion. *Id.* (quoting *Kruth v. Liberty Mutual Insurance Co.*, 499 A.2d 354, 356 (Pa. Super. 1985)). The trial court may permit the presentation of after-discovered evidence; however, the evidence "(1) must be new; (2) could not have been obtained at trial in the exercise of due diligence; (3) is relevant and noncumulative; (4) is not for the purposes of impeachment; and (5) must be likely to compel a different result." *Id.* (citing *Leung v. Pennsylvania Public Utility Commission*, 582 A.2d 719, 721 (pa. Cmwlth. 1990)).

placed on those areas to warn of the slippery conditions. He also opined that defendant Smith Paving failed to meet the generally accepted practices "with regards to the proper utilization of appropriate deicing material on the walkway areas resulting in the treacherous conditions which lead to the unfortunate circumstances which caused Ms. Patricia Heichel to slip, fall and be injured". However, Mr. Allin did not have a firsthand account of the conditions of the Liberty Mutual parking lot and based his opinions upon the testimony of other individuals and documents nor could he direct his opinion to the specific area of the fall.

The plaintiffs have failed to present the court with adequate evidence to demonstrate that Mrs. Heichel's fall was caused by icy conditions on the Liberty Mutual premises. The only firsthand testimony that indicates that the parking lot or walkway was icy was provided by Ms. Thorman, who stated that she had to hold onto the security guard while walking toward Mrs. Heichel because it was slippery. She further stated that the entire parking lot was a sheet of ice due to a sudden change in the weather conditions, but she failed to explain the condition of the location where Mrs. Heichel fell. It is important to note that Ms. Thorman's testimony is in regards to the general slippery conditions caused by the inclement weather and does not relay the conditions of the specific location where Mrs. Heichel fell. Ms. Thorman went to the parking lot after Mrs. Heichel had fallen, so she is unable to speak to the conditions of the parking lot at the time of the fall. Further, the defendants cannot be responsible for a sudden change in the weather when defendant Smith Paving was already performing constant snow removal services. Moreover, Mrs. Heichel cannot recall many details of the incident, including the cause of her fall or the condition of the parking lot and walkway. Unlike *Izzo*, where the

appellant and his witness explained the exact condition of the sidewalk at the time of the fall, including that the area in front of the pizza shop was clear and the remaining sidewalk was covered with patches of thick, lumpy ice, there is no testimony to explain the condition of the Liberty Mutual parking lot at the time Mrs. Heichel fell. The testimony in *Izzo* allows for the reasonable inference that the icy condition of the sidewalk caused the appellant's fall. In the current matter, there is no testimony concerning the condition of the walkway and parking lot in the area where Mrs. Heichel fell to give rise to a reasonable inference that the icy condition of the Liberty Mutual premises was due to any negligence by or improper procedure utilized by defendant Smith Paving which resulted in Mrs. Heichel's fall. In addition, there is no testimony that ice or snow accumulated in thick, lumpy patches as was the case in *Izzo*. The only testimony concerning the condition of the parking lot indicates that there may have been generally slippery conditions throughout the entire area and there is no testimony that the ice accumulated in the particular area where Mrs. Heichel fell. The plaintiffs also assert that the expert report of Mr. Allin provides circumstantial evidence that the portion of the Liberty Mutual parking lot where Mrs. Heichel fell was slippery due to the accumulation of snow or ice. His report appears to be based upon the assumption that the parking lot was slippery as evidenced by Mrs. Heichel's fall based upon the weather conditions and the aforementioned testimony. He also opines that Mr. Ruffley did not understand the properties of the rock salt and calcium chloride being used in the snow removal at Liberty Mutual and it caused defendant Smith Paving to utilize those chemicals incorrectly. However, he did not personally inspect the parking lot nor the area where Mrs. Heichel fell and there is no evidence concerning the slippery condition of the location where Mrs. Heichel

fell beyond testimony of generally slippery conditions or indications that there was an accumulation of snow in the New Castle area on the day in question.

The plaintiffs also cited to this court's opinion in *Kendall v. Perkins Restaurants, Inc., et al.*, 10010 of 2005, C.R. (Pa. Com. Pl. Lawrence 2005), in which the plaintiff was injured when he slipped on a patch of black ice in a parking lot. In that case, the owner of a shopping center contracted with a snow removal company to provide snow removal services to a parking lot. The snow removal company spread approximately four to five tons of salt in the parking lot at 6:00 a.m. and returned later to inspect the condition of the parking lot. It was noted that there were still patches of ice on the parking lot, but the parking lot appeared to be clear and wet. The plaintiff then attempted to exit his vehicle and walked towards a restaurant when he slipped on a patch of black ice and fell. He and his wife both characterized the area where the plaintiff fell as containing a patch of smooth ice. The plaintiffs filed suit averring negligent snow and ice removal by the defendant. The plaintiffs also provided expert testimony stating that improper salting of the parking lot and clearing of ice led to an unnatural formation of ice.

In *Kendall*, this court noted that ice caused by improper snow removal or salting procedures are unnatural accumulations of ice and is not grounds for the imposition of the hills and ridges doctrine. *Id.* (citing *Harvey v. Rouse Chamberlin, Ltd.*, 901 A.2d 523 (Pa. Super. 2006); *Liggett v. Pennsylvania's Northern Lights Shoppers City Inc.*, 75 Pa. D & C 4th 322, 327-328 (2005)). There was evidence and expert testimony that the patch of ice described by the plaintiff and his wife in *Kendall* was caused by improper snow abatement procedures and salting. *Id.* Hence, this court determined that the hills and ridges doctrine did not

apply in that case and there was a question of material fact as to whether there was an unnatural accumulation of ice and the defendants were not entitled to summary judgment based upon the hills and ridges doctrine.

However, this matter is distinguishable from *Kendall* as the plaintiff in that case presented testimony from himself and his wife that he slipped on an isolated patch of ice that they described as smooth. In addition, the plaintiffs provided expert testimony that the defendant utilized improper snow and ice removal procedures that caused the patch of ice. The defendants also failed to constantly inspect and remove the ice throughout the day in *Kendall* as the only snow removal activities on that date occurred at 6:00 a.m., even though there were reports that there were still patches of ice located in that parking lot. In the current case, the plaintiff has failed to provide any of that evidence, except for an expert report. There is no testimony regarding whether Mrs. Heichel fell on a patch of ice. In fact, the testimony demonstrates that there were generally slippery conditions in the Liberty Mutual parking lot caused by a sudden change in the weather from snow to freezing rain. Furthermore, defendant Smith Paving performed constant snow removal services to the Liberty Mutual parking lot for a 20 hour period, which is distinguishable from the one instance of snow removal and salting in *Kendall*. Therefore, the plaintiffs have failed to establish a prima facie case for negligence as they are unable to establish the cause of Mrs. Heichel's fall.

The plaintiffs also argue that the court erred in its application of the hills and ridges doctrine in this case as the evidence was sufficient to establish that a dangerous man-made condition substantially increased the risk of injury caused Mrs. Heichel's fall. However, this is a misinterpretation of the court's order and opinion dated

October 15, 2014, as the court did not apply the hills and ridges doctrine to the current case. The court applied general negligence standards and case law to determine that there was a lack of causation between the condition of the parking lot and Mrs. Heichel's fall. The court also noted the continuous efforts to remove snow and ice, the general slippery conditions created by a sudden change in the weather and the lack of direct testimony that Mrs. Heichel fell on a patch of ice that prevented her from safely traversing the parking lot which was created by negligent snow removal. It is apparent from the existing case law that a party cannot be held liable for general slippery conditions and there must be additional evidence to demonstrate that the party was negligent in some manner. Thus, the court determined that the plaintiffs failed to present sufficient evidence to demonstrate a claim for negligence without applying the hills and ridges doctrine to the current matter.

For the reasons set forth in this opinion, the plaintiffs' appeal should be denied in its entirety.

## ORDER OF COURT

Now this 22nd day of December, 2014, an appeal having been filed in the above-captioned case by the plaintiffs, Patricia Heichel and Gerald Heichel, the court directs that the attached opinion be filed to satisfy the requirements of Pa.R.A.P. 1925(a). The prothonotary of Lawrence County is directed to immediately assemble the record and transmit said record to the Superior Court of Pennsylvania as required by the applicable Rules of Appellate Procedure.

The prothonotary of Lawrence County is directed to serve a copy of this order of court and opinion upon counsel of record.